[Criminal No. 801. Filed June 5, 1934.]

[33 Pac. (2d) 601.]

FLOYD BALL, *alias* JACK DELANEY, Appellant, v. STATE, Respondent.

Mr. Marshall W. Haislip, for Appellant.

Mr. Arthur T. La Prade, Attorney General, and Mr. John Francis Connor, Assistant Attorney General, for the State.

ROSS, C. J.—The appellant, Floyd Ball, *alias* Jack Delaney, was informed against by the county attorney of Maricopa county for the crime of burglary and upon a trial was convicted and sentenced to the state prison. He has appealed upon the grounds that the court committed error in its rulings on the admission of evidence and in the rejection of evidence.

In the examination of the prosecuting witness William Lawhorn by the county attorney, it was shown that he and his brother were the owners and operators of a garage located at 209 East Van Buren Street, Phoenix; that on May 22, 1933, at about midnight, appellant brought his automobile into the Lawhorn garage and told the witness the clutch would not work; that he examined the clutch and

adjusted, or attempted to adjust, it; that he noticed that "the adjusting bolt had been screwed out with someone's hands, someone's fingers," and so advised the appellant and those with him; that his charge for his services was 50 cents; that there were four persons in appellant's party, two women, the appellant and another man; that the other man handed the witness a $1 bill, out of which to take change for his labors; that he went into the garage office and not finding any change in the register went across the street for change; that when he returned with the change appellant and his party had driven away; that when he was across the street he saw appellant in the office; that upon an examination of the cash register he discovered $8 had been taken therefrom. The prosecuting attorney asked the witness this question:

"When you examined the clutch to see what was wrong with it, did you notice anything in particular about that adjusting bolt there?"

It was objected to on the ground that it was both leading and suggestive. The objection was overruled, whereupon the witness answered:

"I found that the bolt had been unscrewed by fingers, because it was oily and there were hand prints on the bolt."

The general rule is that questions that put the answer into the mouth of one's witness in chief should not be asked. 28 R. C. L. 589, § 182. The above question does not suggest the answer desired, nor does it call for a conclusion of the witness. It calls for an answer of "yes" or "no." It is not suggestive or leading and the witness was properly allowed to answer it. The answer was only a repetition of what the witness had stated a moment before. At all events, the answer was a fact constituting a part of the transaction, a detail of what took place, a part

of the *res gestae,* and a proper matter for the consideration of the jury in connection with all the other facts and circumstances.

The appellant asked the prosecuting witness this question:

"At the time you testified at the preliminary hearing in this case, you made no statements at that time you had seen finger prints on that nut or bolt you adjusted, did you?"

The state objected to the question on the ground that it had not been shown that the witness was asked that question at the preliminary. The objection was sustained, and the court's ruling is assigned as error. It is always competent to show that a witness has upon a former occasion omitted to state material and relevant facts which he now states, providing it was under the circumstances his duty to speak the whole truth. Underhill's Criminal Evidence, 3d ed., § 384. It would seem that, if the effort was to show that the witness had omitted something at the preliminary, it must have been something concerning which he was questioned or to which his attention was called. If such a showing had been made, we have no doubt the trial court would have required the witness to answer. A witness is ordinarily not supposed to know just what facts he should relate and, if not asked, may frequently omit material and relevant facts. We think the court's ruling is correct.

The appellant asked one Don Flippin whether he, from a point on the north side of Van Buren Street, in the neighborhood of the place where Lawhorn was when he says he looked across the street and saw the appellant in the office of the garage, could see a person in such office. This question was objected to as calling for an opinion for which no foundation had been laid and was sustained. This ruling is assigned as error. If the court's ruling was error, it was

subsequently cured, for the same question, in slightly different form, was asked and answered in the negative.

It appearing that appellant was accorded a fair trial, the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.