381 P.2d 757

**STATE of Arizona, Appellee,**

v.

**James ROQUENI, Appellant.**

No. 1242.

Supreme Court of Arizona.

In Division.

May 22, 1963.

Gentry & McNulty, by Philip E. Toci, Bisbee, for appellant.

Robt. W. Pickrell, Atty. Gen., Lloyd C. Helm, Cochise County Atty., and James D. Whitney, Deputy County Atty., Cochise County, for appellee.

UDALL, Vice Chief Justice.

Appellant, the defendant below, was convicted of burglary in the nighttime and was sentenced from ten to twelve years in the state penitentiary. The alleged act was committed January 24, 1961, at the Immaculate Conception Church in Douglas, Arizona. A general denial to the burglary

charge was entered. Defendant's history shows a prior conviction for statutory rape in 1954.

There is evidence in the record to show that at about 9:30 p. m. on January 24, 1961 the defendant entered the Immaculate Conception Church through one of the windows with the intent to steal after the doors to the building had been locked.[1] However, defendant claims that he entered through the door for the purpose of offering prayers and that he had no intention of committing the crime of larceny. It had been raining that day and upon apprehending the defendant it was found that someone with muddy shoes had been near a receptacle where money was deposited by the parishioners of the church. The state's theory was that the mud came from defendant's shoes and was on his shoes because of his entry through the window.

After the defendant got into the church he claims he became ill, fell asleep, and then was awakened by Father O'Keefe. The evidence shows that defendant had been drinking that afternoon. He claimed to have been drunk when he entered the church.

The defendant makes two assignments of error. He first contends that the trial court erred in denying counsel for the defendant the right to elicit a response to a question which he proposed to ask the entire panel of jurymen relating to the effect on the jurors of evidence of a prior conviction of defendant. Counsel had previously questioned them individually. Defendant argues that the court in denying the defendant the privilege of propounding this question to the jury acted contrary to law and the provisions of Article 2, Section 24 of the Constitution of Arizona A.R. S.[2]

█ If error was committed in the court's refusal to permit counsel to ask the panel the question relative to a prior conviction the error, if any, was rectified and clarified by the court's instruction to the jury at the conclusion of the testimony.[3]

1. Defendant had worked as a maintenance man at the church in 1959 and had admitted other entries to the building subsequent to his employment at which times money was taken by him.
2. Article 2, Section 24 of the Constitution of Arizona guarantees the right to a "speedy public trial by an impartial jury."
3. In the recent case of State v. Wallace, 83 Ariz. 220, 222, 319 P.2d 529 (1957) we said:
   "The extent to which parties should be allowed to examine jurors as to their qualifications cannot be governed by any fixed rules. It is not the province of counsel on voir dire examination to instruct jurors on matters of law. The extent of examination must necessarily be left to the sound discretion of the trial court to determine the presence or absence of bias and prejudice. The trial court correctly and adequately instructed the jury as to the law, and we find no abuse of discretion in limiting the voir dire examination."

The instruction given reads:

"The law indulges no presumption, nor is the jury permitted to indulge in any presumption, that it is more probable that a person previously convicted of a felony will commit a subsequent one. The defendant is not charged with and is not on trial for the commission of any offense except the offense set out in the Information. The fact that James Roqueni was previously convicted of a felony raises absolutely no presumption against him that he committed the crime of burglary as charged in the Information.

"The fact that the defendant has been previously convicted of a felony may be considered by you for only one purpose, namely, in judging the credibility of the defendant. The fact of such conviction does not necessarily destroy or impair the defendant's credibility, and it does not raise a presumption that the witness has testified falsely. It is simply one of the circumstances that you are to take into consideration in weighing the testimony of the defendant."

■  The defendant next contends that the trial court erred in refusing to give defendant's requested instruction on voluntary intoxication. He argues that there was sufficient evidence in the record to justify the submission to the jury of the issue of intoxication as it relates to intent. We do not agree with him. Rather than justify an instruction on intoxication the evidence confirms the action taken by the trial judge in refusing to give the instruction.[4]

In the defendant's account of the situation he recalled with great detail the events of the night of the alleged crime. He remembered the time it took to travel from his home to the church, the route he travelled, the alleged reason for entering the church, and whom he saw as he entered the church. Also, he recalled the exact acts he made after entering the church. He recalled reasons for each move he made and everything he said. This all seems inconsistent with the existence of drunkenness. In Rascon v. State, 47 Ariz. 501, 57 P.2d

4. The problem arises by virtue of the following statute:
"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act." A.R.S. § 13–132.

304 (1936) we were faced with an identical issue in a homicide case. There we held that the evidence did not justify the instruction. Defendant's own testimony stands alone as evidence of his drunkenness. That testimony was unconvincing to the trial judge and is unconvincing to us.[5]

Defendant cites as authority for his proposition State v. Hudson, 85 Ariz. 77, 331 P.2d 1092 (1958). That case is distinguishable from the case at bar for the evidence there showed that defendant had been drinking for a period of three days before the crime and had helped consume eleven quarts of wine on the day of the crime and the day preceding. There was also testimony of his intoxication at the time the crime was committed. See also People v. Turville, 51 Cal.2d 620, 335 P.2d 678, 686 (1959) where the California court held that the mere fact the defendant may have been drinking prior to the time of the crime does not establish intoxication or require the giving of an instruction thereon.

Judgment affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.

---

5. If we calculate the time that had passed since his last drink of the day and the time he was found in the church we find a lapse of time of about five hours with no drinking. During that period he had eaten one regular meal and had taken a nap. Also, he had eaten a meal at the time he took his last drink that afternoon. We note, too, the unconvincing nature of defendant's words: " * * * [W]hen I was walking to the church, I was dizzy, but I could still walk, and, well, I was kind of walking but kind of zig-zagging maybe."