401 P.2d 404

**STATE of Arizona, Appellee,**

**v.**

**Harold W. SIMONEAU, Appellant.**

**No. 1429.**

Supreme Court of Arizona.

En Banc.

May 6, 1965.

: Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., for appellee.

Ross Anderson, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Harold W. Simoneau, was charged with committing the crimes of robbery and attempted robbery in violation of A.R.S. §§ 13–641 and 13–108, respectively. The causes were consolidated for trial and appellant was convicted of both crimes, receiving fifteen to twenty years for robbery and eight to ten years for at-

**4**

tempted robbery, the terms to run consecutively.

At 1:00 a. m. on March 19, 1963, Samuel Veltri, the manager of Starr's Liquor Store was confronted by an undisguised gunman who demanded and received the contents of the store cash register. On March 22, 1963, an undisguised gunman confronted Virginia Scott, an employee of Picnic Pantry, and demanded that she empty the store cash register. However, Mrs. Scott refused, threatening to call the police and the bandit fled.

Simoneau was apprehended in the vicinity of the Picnic Pantry shortly after the attempt and a gun, identified at trial by the victims of the crimes as appearing to be the one used on them, was seen on appellant's car floor and seized by the arresting officers. He was later identified by the two complaining witnesses, Mr. Veltri and Mrs. Scott, at a police line-up and thereafter confessed to the crimes.

At the trial, Simoneau's confessions to the crimes were admitted into evidence but, before sending the matter to the jury with instructions on the voluntary aspect of the confessions, the court first held two hearings in the absence of the jury to determine their voluntariness. This was in conformity with the procedural requirements established in State v. Owen, 96 Ariz. 274, 394 P.2d 206, after that case was vacated and remanded in light of Jackson v. Denno,

378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

█ Appellant urges there was no testimony from the complaining witnesses, Mr. Veltri and Mrs. Scott, that he robbed them and that no identification of defendant was made at the trial. The transcript shows that after Mr. Veltri testified as to the facts surrounding the robbery of his liquor store he testified as follows:

"Q And tell the Court and jury what you did when you got down there?

"A I got down there, and they said, 'This is a two-way mirror, and the men are all lined up.'

"And when they turned the lights on, I said, 'There he is.'

"They said, 'Would you count from the left to the right?'

"Q Without telling what they told you which would be hearsay, were you able to pick a person out of the line-up?

"A Oh, yes.

"Q Is that person present in the courtroom?

"A Yes, sir.

"Q Would you indicate to the Court and the jury where he is?

"A He is sitting back there towards the left (indicating).

"[COUNTY ATTORNEY]: May the record show that the defendant has been identified by the witness.

"THE COURT: The record may so show.

"Q BY [COUNTY ATTORNEY]: And after you picked him out through this two-way mirror, what did you do next, if anything, without revealing conversations?

"A They told me I had to go inside and point the finger at him.

"Q Did you point the finger at him?

"A Yes.

"Q Did you say anything in the presence of the defendant?

"A The man walked in and said, 'Will you point out the man?'

"And I said, 'Him,' and that was it."

The following was asked of Mrs. Scott:

"Q Is that person present in the courtroom?

"A Yes, he is.

"Q Could you indicate where he is?

"A Yes, sir. He is right over there (indicating).

"Q Sitting next to counsel?

"A Correct.

"[COUNTY ATTORNEY]: May the record show the witness had identified the defendant.

"THE COURT: The record may so show."

There can be no question but that appellant was properly identified at trial as the individual who attempted to rob Mrs. Scott and who did rob Mr. Veltri.

██ Appellant next contends the statutory element of fear was presented to the jury by way of leading questions:

"[COUNTY ATTORNEY]: At that time sir, were you afraid?

"[COMPLAINING WITNESS VELTRI]: I certainly was.

"[DEFENSE COUNSEL]: That is a leading question, your Honor. Have him rephrase it in some other manner.

*    *    *    *    *    *

"THE COURT: Motion to strike will be denied.

*    *    *    *    *    *

"[COUNTY ATTORNEY]: Now, [Mrs. Scott] at that time were you afraid?

"[DEFENSE COUNSEL]: Again, this is a leading question, your Honor.

"THE COURT: Objection overruled. You may answer yes or no."

A leading question is one which suggests the specific answer desired.

"[A] leading question is one that points out the desired answer and not one that calls for a simple affirmative or negative answer." Florida Mo-

**6**

tor Lines Corporation v. Barry, 158 Fla. 123, 27 So.2d 753, 756.

This area is peculiarly a case for the principle that the trial court's determination controls. Ball v. State, 43 Ariz. 556, 33 P.2d 601; State v. Pierce, 59 Ariz. 411, 129 P.2d 916; State v. King, 66 Ariz. 42, 182 P.2d 915.

■ Appellant contends that it was error to allow a police officer to testify that the complaining witnesses, when at the Phoenix Police Department and in the officer's presence, identified appellant in a police line-up. We think the better rule is that in corroborating a witness it is permissible "to prove that *at a former time,* when the suggestion of others could not have intervened to create a fancied recognition in the witness' mind, he recognized and declared the present accused to be the person." IV Wigmore on Evidence, (3rd Ed.), § 1130, p. 208, and decisions there cited. See also our recent decision in State v. Miranda, 98 Ariz. 11, 401 P.2d 716, citing People v. Gould, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 685, on this exact point.

Finally, appellant urges that he was prejudiced by certain remarks of the county attorney who, in his opening statement, told the jury that the complaining witness in each instance picked the accused out of the line-up and pointed to him as the person who had committed the offense without the accused denying that he was the person who committed the offense. Later, : evidence was introduced substantiating the county attorney's opening statement. Appellant urges that this was an attempt to infer a tacit admission of guilt.

■ We agree and do not approve the introduction of evidence of an accused's silence in reply to questions when he is in custody or under other circumstances where it is his constitutional right to refrain from incriminating himself under the Fifth Amendment to the Constitution of the United States. See State v. Munroe, 22 Conn.Sup. 321, 171 A.2d 419. However, as the record stands the inference sought to be drawn is cumulative to other evidence in the case. The appellant confessed his participation in the crimes to two members of the Phoenix police shortly after his arrest. He then wrote out his confessions in signed, handwritten statements. These confessions were admitted into evidence by the trial judge.

■ This cause was tried prior to the opinion of the Supreme Court of the United States in Jackson v. Denno, supra, and our decision in State v. Owen, supra. The trial judge correctly followed the procedure laid down to the time of those cases. He heard evidence outside the presence of the jury as to whether the confessions were voluntary and then submitted to the jury as an issue of fact under appropriate instruction the question of voluntariness of

the confessions. He did not, however, specifically rule that the confessions were voluntary. Of course, where no question is presented to the court either by counsel or by the evidence at the trial suggesting that a confession is involuntary, there is no issue of fact to be determined by the court in the absence of the jury and no need for a specific ruling.

But here there is a slight suggestion arising from the appellant's testimony at the hearing outside the presence of the jury which we believe is sufficient to raise an issue. Each case must stand on its own facts as to whether it should be remanded to the trial judge for a limited hearing to determine whether a confession is voluntary or whether a new trial should be granted. See Jackson v. Denno, supra. In this instance we have concluded that justice will be best served by remanding the cause to the Superior Court of Maricopa County only for the purpose of a hearing to determine whether the confessions were voluntary. Under the record as it exists, the jury could not have found the confessions involuntary since Simoneau did not take the witness stand and there was no evidence independent of his testimony from which involuntariness might be inferred.

If the court finds the confessions were voluntary and so rules, then it will notify this Court by causing a certified copy of its minute entry to be transmitted to the clerk of this Court. If no objection to the ruling is presented to this Court within fifteen (15) days, an order will be entered affirming the convictions for the reason that the purported tacit admissions are purely cumulative and could not have influenced the verdicts of the jury. If the court below finds the confessions were involuntary, it is directed to enter an order granting Simoneau a new trial on both counts.

It is so ordered.

LOCKWOOD, C. J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.