521 P.2d 1124

**STATE of Arizona, Appellee,**

v.

**Leroy Wayne COBB, Appellant.**

**No. 2815.**

Supreme Court of Arizona,
In Banc.

May 8, 1974.
Rehearing Denied June 11, 1974.

Gary K. Nelson, Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Former Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Leroy Wayne Cobb, was tried and found guilty of the crime of second degree murder. From the judgment and sentence thereon, he appeals.

The facts briefly stated are that appellant was charged with the murder of his daughter, Ann Marie Cobb, age five months. The autopsy established that she died of a ruptured liver due to a blow to the abdomen. Ann Marie's mother testified that appellant struck the child on the head and body on the day she died.

Appellant complains that the trial court did not hold a hearing to determine his competency to stand trial and that it failed to take oral testimony of medical evidence concerning his understanding of the nature of the proceedings against him and his ability to cooperate and assist his counsel.

The procedure for determining whether an accused is competent to stand trial is covered by the provisions of A.R.S. § 13–1621. Subsec. C thereof provides for the appointment of experts "to examine the defendant and to testify regarding his mental condition. * * *" Subsec. E reads:

"E. Immediately after the examinations by experts contemplated by subsections C and D of this section, the court shall hold a hearing to determine, on the basis of the expert testimony, including the evaluation, report and testimony of an official of the institution to which the defendant may have been committed, plus any other evidence regarding the defendant's mental condition introduced

by either party, whether the defendant is able to understand the proceedings against him and to assist in his own defense. *The parties may, by stipulation, waive oral testimony at this hearing.*" (Emphasis added)

Subsec. F provides, in part:

"F. All experts appointed by the court shall file reports and testify at the hearing contemplated by subsection E of this section."

Subsec. H provides that after the hearing contemplated by subsec. E, if the court finds that the defendant is able to understand the proceedings against him and assist in his own defense, the criminal prosecution shall continue without delay.

In the case at bar, the record shows only that two medical experts were appointed to examine the appellant and that they filed written reports with the court. In the opinion of the medical experts the appellant was not suffering from a mental illness or defect and he had the ability to understand the nature of the proceedings against him and assist in his defense. No hearing was held as contemplated by § 13–1621, subsec. E. In lieu thereof, the minutes of the court reflect a proceeding at which the assistant county attorney and deputy public defender were present. The court's minutes are quoted verbatim:

"The medical experts having concluded their examinations of the defendant, and the previous trial settings having been vacated,

IT IS NOW ORDERED setting this cause for trial on 23 March 1973 at 9:30 A.M., division 20–C.

It is the finding of the court, after considering the reports of the medical experts, that the defendant herein is able to understand the nature of the proceedings against him, and is able to co-operate and assist his counsel."

In State v. Meredith, 106 Ariz. 1, 469 P. 2d 820 (1970), the defendant contended that the court erred because it did not take oral testimony of the doctors before making a determination that he understood the proceedings and was able to assist in his own defense. We concluded that while subsec. E requires an oral hearing, it could be waived. We said:

"On October 15, 1968, counsel for both parties appeared in court, at which time the trial judge asked whether there was any request for a formal hearing. Neither party so requested. At that time defendant's counsel stated that he saw no reason for a formal hearing. The hearing was thereby waived."

■ Although the record is not as specific as that in Meredith, we think that here the formal oral hearing was also waived. The reports of the psychiatrist who examined the appellant were filed with the court. His counsel was present in open court. Informal proceedings of some nature took place at the conclusion of which the court made the order and findings quoted above. We are impressed by the facts that no protest whatsoever was made by defense counsel before going to trial, no objection or motion for a new trial was made because of the failure of the court to hold the required hearing, and that there is no claim by counsel and no suggestion arising from the record that the appellant was unable to understand the proceedings and to assist counsel. The present claim in this court for reversal is the first time the question has been raised.

We think appellant's claim of error is technical and without merit.

■ Appellant further complains that the trial court abused its discretion in ordering that appellant's mental examination be conducted in the Maricopa County Jail. This claim of error is predicated on A.R.S. § 13–1621(C), providing in part:

"The court shall order the defendant committed to a mental health facility for a period of thirty days or less for the examinations."

We think this claim of error is without merit. Subsec. C also provides:

"The period of commitment or the place of examinations may be altered by the court upon a showing of good cause."

This latter part of the statute leaves the matter wholly within the discretion of the trial judge and, lacking a showing of prejudice to appellant, of which there is none here, we will not interfere with that discretion.

 As a final ground for error, the appellant complains of the admission of five exhibits, being photographs of the dead child. Exhibits 9, 10 and 11 are color photographs, and Exhibits 14 and 16 are enlarged black and white photographs. Appellant's counsel stated at the trial at the time he objected to the admission of the photographs:

"I agree they are relevant, your Honor. Again, it is relevance versus prejudice."

And shortly thereafter stated:

"Again your Honor, I agree that there is no way we could show these are not relevant; it is just simply a matter of whether that relevance is outweighed by the inflammatory nature, either by repetition or by color."

It should be remembered that appellant was on trial for beating his daughter to death. The prosecution introduced the photographs into evidence to establish that the injuries sustained by Ann Marie could not have been accidentally incurred. Later, in the light of appellant's denial of the beating of his daughter, the photographs depicting her physical condition were even more significant because they tended to refute his testimony that her injuries had been sustained by accident. The trial court exercised a sound discretion in admitting the photographs, State v. Peats, 106 Ariz. 254, 475 P.2d 238 (1970); State v. Chambers, 102 Ariz. 234, 428 P.2d 91 (1967).

The judgment of the court below is affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.