REVA LYNN WOLFE *v.* STATE OF INDIANA

[No. 578S97. Filed December 19, 1978.]

*John L. Kelly, Jr.*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Gordon R. Medlicott*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of robbery, a class B felony, Ind. Code § 35-42-5-1 (Burns Supp. 1978), and sentenced to twelve (12) years imprisonment. The following issues are presented for our review:

(1)    Whether the trial court erred in admitting into evidence State's exhibit No. A, a handgun.

(2)    Whether the trial court erred in refusing to instruct the jury on the lesser included offenses of robbery, a class B felony.

(3)    Whether the trial court erred in refusing to instruct the jury on the defense of intoxication.

(4) Whether the sentence imposed upon the defendant was manifestly unreasonable in light of the nature of the offense and the character of the offender.

## ISSUE I

On October 13, 1977, at approximately 7:15 p.m., the defendant parked her automobile at a service station and went inside to use the restroom. When she came out, she got a bottled drink and began to argue with one of the attendants about the bottle deposit. During the argument she removed a gun from her pocket, pointed it at the attendant and threatened to "blow a hole clear through him." She proceeded to search the cash register and two of the attendants for money, at which time one of them grabbed her and forced the gun from her hand. The police were called and the defendant was taken into custody by them at the scene.

At trial the State introduced into evidence the handgun allegedly used by the defendant in the robbery. It was positively identified by Officer Davis on the basis of his recollection of the serial number, as the gun he received at the scene of the robbery, and later turned in to the police station. It was admitted over the defendant's objection that a proper chain of custody had not been laid establishing the whereabouts of the exhibit from the time it was picked up by the police to the time it was introduced at trial.

The purpose of the chain of custody rule is the avoidance of any claims of substitution, tampering or mistake. *Wilson v. State*, (1975) 263 Ind. 469, 333 N.E.2d 755. A chain must be established where the evidence lacks sufficient identifiable characteristics. However, "where the evidence is such that it may be recognized and identified by witnesses, and where tampering or alteration relevant to the purpose to be served by the evidence is not a realistic threat, no chain of custody need be established." *Johnson v. State*, (1977) 267 Ind. 415, 370 N.E.2d 892. Officer Davis' positive identification of the gun based on its serial number provided the necessary identification upon which to base its admission.

Additionally, the introduction of the weapon was not essential to the

State's case. All that was required was that a weapon was used. The State's evidence was that the defendant used the exhibit or a gun that looked like it.

## ISSUE II

Defendant next assigns as error the trial court's failure to instruct the jury upon the lesser included offenses of robbery, a class B felony. It is unclear from her brief whether she is asserting that such instructions were requested and refused or that Ind. Code § 35-1-35-1 (Burns 1975) requires a trial judge to charge the jury on lesser included offenses regardless of whether or not such instructions are tendered. We need not further discuss the procedural aspects of this argument, however, as we find it has no substantive merit. A trial judge has no duty to instruct a jury on lesser included offenses where there has been no evidence introduced at trial to which such an instruction would be applicable. *Minton v. State*, (1978) 269 Ind. 31, 378 N.E.2d 639; *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. The defendant admitted at trial that she had robbed the station while armed with a pistol, and there was no evidence introduced to the contrary. Under the circumstances, it would have been improper for the trial court to have instructed on any of the lesser included offenses of robbery, a class B felony.

## ISSUE III

Defendant next contends that the trial court erred in failing to instruct the jury with respect to the defense of intoxication and in failing to define the terms "knowingly" and "intentionally." Not only has the defendant failed to set out in her brief the verbatim instruction requested as required by Appellate Rule 8.3(A)(7), but she also failed to raise the issue in her motion to correct errors as required by Trial Rule 59(G). Thus we will not treat the issue further other than to say that there was no evidence introduced at trial indicating that the defendant was intoxicated to such a degree as to render her incapable of entertaining the specific intent required to commit the crime charged, thus the instruction was not required by the evidence. *Patterson v. State*, (1978) 267 Ind. 515, 371 N.E.2d 1309.

## ISSUE IV

The defendant seeks revision of her sentence under the Rules for the Appellate Review of Sentences, contending that her sentence was manifestly unreasonable in light of the nature of the offense and the character of the offender. She was convicted of a class B felony, the penalty for which is provided in Ind. Code § 35-50-2-5 (Burns Supp. 1978) which states:

"A person who commits a class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars (10,000)."

At the defendant's sentencing hearing, the trial court listed the following as his reasons for sentencing her to twelve (12) years imprisonment:

"Mitigating factors found by the Court are that the crime was a result of circumstances unlikely to recur. Second, they are substantial grounds tending to excuse or justify the crime though failing to establish a defense.

"That is assuming we believe that this was done at the demand of her husband. However, these mitigating factors are overcome by the aggravating factors.

"Number 1, Mrs. Wolfe is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility. 2. The imposition of a reduced sentence or suspension of the sentence imposition of probation would depreciate the seriousness of the crime and the last and probably the most important, the defendant's willing presentation of perjury in her defense at trial together with her presentation of perjury at her sentencing shows a total irresponsible lack of responsibility and reflects her true criminal character."[1]

In her brief the defendant argues that the trial court erred in finding that she had committed perjury at her trial and that therefore her

1. Ind. Code § 35-8-1A-7 (Burns Supp. 1978) lists both the mitigating and aggravating factors which may be considered by the trial court in making a determination as to what sentence to impose. Subsection (d) provides however, that the court is not limited to the factors listed in the statute in making that determination.

sentence should be revised to something commensurate to the mitigating circumstances found by the trial court.

At trial the defendant admitted to having committed the robbery but maintained that she had had too much to drink when she entered the service station, and that her actions were committed on the spur of the moment without any thought as to what she was doing. She denied having threatened either of the two attendants. Later at the sentencing hearing, the defendant confessed to having committed perjury in her defense and stated that her husband had actually made her commit the robbery. The trial court did not err in its findings; and, given all of the circumstances involved, we cannot say that the defendant's sentence was manifestly unreasonable.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE—Reported at 383 N.E.2d 317.