**Shedrick KING, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 985S347.**

Supreme Court of Indiana.

Jan. 5, 1988.

Belle T. Choate, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Shedrick King appeals his conviction for burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.); attempted murder, a class A felony, Ind.Code §§ 35–41–5–1, 35–42–1–1 (Burns 1985 Repl.); and murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.). The trial court sentenced King to forty years on the murder conviction and thirty years for each of the other two convictions. All the sentences are to run concurrently.

On direct appeal, King presents three issues.

1) Whether the instruction on the elements of attempted murder amounted to fundamental error for failing to require specific intent;

2) Whether the trial court erred when it admitted King's shoe over his chain of custody objection; and

3) Whether the trial court violated double jeopardy by sentencing King to burglary as a class A felony on the grounds of serious bodily injury, when the murder and attempted murder convictions already punished King for those injuries.

The evidence showed that in the early morning hours of December 26, 1984, King kicked down the door to the apartment of his former girlfriend, Cassandra Jefferson. James Patterson was also in the apartment that morning. A struggle ensued. Jefferson received a fatal gunshot wound to the head and Patterson sustained a wound to the abdomen. King then fled, dumping the gun on the way to his sister's apartment. He confessed these crimes to his sister.

I. *Attempted Murder Instruction*

King argues the trial court erred when it instructed the jury on the elements of attempted murder. Specifically, he claims the instruction lacked the element of specific intent to commit murder. He cites *Smith v. State* (1984), Ind., 459 N.E.2d 355. Although King did not object to the instruction at trial, the *Smith* decision recognized the error as fundamental and addressed the issue even though Smith had not objected at trial.

The instruction held inadequate in *Smith* read:

You are instructed that the essential elements of the crime of attempted Murder which the State of Indiana must prove beyond a reasonable doubt are the following:
1. That the Defendent (sic) knowingly,
2. Engaged in conduct that constituted a substantial step toward the commission of Murder.

*Id.* at 357. The Court held that an instruction setting forth the elements of attempted murder must include the specific intent to kill. For example, the purchase of a gun could be attempted murder under the faulty instruction.

The instruction in this case states:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

To convict the Defendant the State must prove each of the following elements:

The Defendant
(1) knowingly
(2) engages in condut (sic) that constituted a substantial step to accomplish
(3) the crime of murder

Murder is defined as, a person who knowingly or intentially (sic) kills another human being.

We find support for this instruction in *Worley v. State* (1986), Ind., 501 N.E.2d 406. In *Worley* the instruction on attempted murder defined murder, included an explanation on attempt, and listed the same three elements enumerated above. The Court in *Worley* distinguished *Smith* and held the jury was much more clearly apprised of specific intent. *Id.* at 408.

The challenged instruction is more similar to the instruction in *Worley* than the one in *Smith*. The instruction informs the jury that murder is the knowing or intentional killing of another human being. It would have been preferable for the trial

court to give explicit instructions on specific intent to murder, but implicit within the instruction is the element that King intended to kill Patterson.

## II. *Admission of King's Shoe*

· King contends the trial court erred by overruling his objection and admitting Exhibit 19, one of his tennis shoes. The shoe had the same pattern as a shoe print found on an air conditioner below Jefferson's apartment. King argues the State failed to establish a chain of custody.

■ The purpose of the chain of custody rule is to avoid claims of substitution, tampering, or mistake. *Wolfe v. State* (1978), 270 Ind. 81, 383 N.E.2d 317. Non-fungible items do not require the high degree of scrutiny that must be applied to fungible items. *Boyd v. State* (1986), Ind., 494 N.E. 2d 284, *cert. denied* (1987), —— U.S. ——, 107 S.Ct. 910, 93 L.Ed.2d 860.

■ Sergeant Smilko testified that Lieutenant Spencer recovered the shoe from King. They placed the shoe in a brown paper bag and filled out an evidence card giving the time, date and place of recovery. Sergeant Beasley took the shoe out of the brown bag at trial. He said he had seen King with the shoe on. The chain of custody was adequate.

## III. *Double Jeopardy*

■ King argues the trial court erred in imposing a class A felony conviction for burglary. He claims the injuries which elevated the burglary to a class A felony were the same injuries used to sustain the murder and attempted murder convictions. This is an argument which rests on article 1, section 14 of the Indiana Constitution and the Fifth Amendment of the United States Constitution. These provisions prohibit multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724, *cert. denied* (1973), 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404.

Count I of the information alleged that King broke and entered the dwelling of Jefferson with the intent to commit a battery, that he was armed with a handgun, and that he inflicted serious bodily injury on Jefferson and Patterson. The burglary statute elevates the offense to a class A felony when the burglary "results in ... serious bodily injury to any person other than a defendant." Ind.Code § 35–43–2–1. Burglary is a class B felony if committed while armed with a deadly weapon. Ind. Code § 35–43–2–1.

The murder and attempted murder convictions already punish King for the serious bodily injury to Jefferson and Patterson. To elevate the burglary to a class A felony for the same bodily injury would punish King twice for the same injuries.

The cases cited by King support this conclusion. In *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, the Court analogized from the rule prohibiting multiple penalties for felony murder and intentional murder to conclude that a class A burglary and an attempted murder conviction could not stand on the same serious bodily injury. The Court remanded with instruction to vacate the class A felony and enter a class B felony conviction. In *Flowers v. State* (1985), Ind., 481 N.E.2d 100, the Court found the same problem when the defendant received four convictions which were elevated in class because of the same bodily injury. The Court ordered three of these reduced to avoid multiple punishment.

The State attempts to distinguish *Bevill* from this case, noting that *Bevill* had only one victim and this case two. This is not a significant distinction for the purposes of the double jeopardy issue. King has already been punished with respect to each victim. To punish him again would violate double jeopardy.

The cause is remanded to the trial court with instructions to vacate the class A burglary sentence with orders to resentence King for a class B burglary. In other respects, the trial court is affirmed.

DeBRULER and DICKSON, JJ., concur.

GIVAN and PIVARNIK, JJ., dissent as to issue three for reasons stated in the dissenting opinion in *BEVILL V. STATE* and concur in all other issues.