Robert A. HURT a/k/a Robert A. Miller, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8807–CR–799.

Supreme Court of Indiana.

April 15, 1991.

John P. Brinson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Following a jury trial in the Vanderburgh Circuit Court, Defendant–Appellant Robert A. Hurt a/k/a Robert A. Miller (Hurt) was convicted of the crimes of Attempted Murder, for which he received a sentence of imprisonment for forty (40) years, and Attempted Rape, for which he received a term of twenty (20) years, said sentences to be served consecutively.

Issues presented for our review in this direct appeal have been consolidated as follows:

1.  error in the giving of final instructions;

2.  admission of Hurt's statements into evidence without first proving a *corpus delicti;* and

3.  denial of Hurt's Motion for Judgment on the Evidence concerning the attempted rape charge.

The evidence showed that on July 11, 1987, V.Q. attended a backyard party at 1401 S. Governor in Evansville, Indiana. Hurt was also at the party with his girlfriend. Hurt and the victim spoke only casually to each other during the party.

After the party was over, while the victim and Hurt were alone, discussing Hurt's old relationship with the victim's sister, Hurt suddenly, for no apparent reason, stabbed the victim in the neck. She ran from Hurt. She remembers nothing after that until she awoke in a garage across the street. A neighbor found the victim lying nude and covered with blood in the garage shortly after 7:00 a.m. The neighbor called the police and an ambulance was sent to the scene. The victim was able to tell the police at that time that Hurt had injured her. It was determined that she had many stab wounds about her neck, chest, and shoulders, and had lost 30% to 40% of her blood. A sexual assault examination revealed no external or internal trauma to her genitalia. Tests for spermatozoa and seminal fluid were negative. She had no recollection of any sexual assault although she had "a funny feeling" in her genitalia. Doctors testified that the symptoms she described could be consistent with a vaginal infection.

Hurt was arrested at 9:18 a.m. on July 12. At police headquarters, he gave three statements to the police after having been given his *Miranda* rights and waiving them. He raises no question about the voluntariness of those statements. In his first statement, given from 11:10 to 11:41 a.m., Hurt claimed he was at the party with his girlfriend and subsequently walked the victim across the street. He could not explain blood on his clothes. From 2:00 to 2:18 p.m., he gave a second statement in which he said he got into a fight with the victim and ripped her clothes off. He admitted he hit the victim with a sharp object. From 2:37 to 2:46 p.m., he gave a third statement in which he admitted he had been on top of the victim while she was naked and while his pants were down and his penis exposed. However, he denied he had raped her or had had any intention of raping her.

## I. *Instructions*

Hurt claims the trial court erred in the giving of Final Instruction No. 12, because it did not inform the jury that, in order to find Hurt guilty of attempted murder, the evidence must show Hurt had a specific intent to commit murder. The trial court also, however, gave Instruction No. 13 which did adequately inform the jury of the requirement of finding specific intent. Hurt's tendered Instruction No. 1 on the issue of specific intent was refused.

Hurt first claims that Instruction No. 12, standing alone, was erroneous because it failed to advise the jury of the requirement that it find specific intent. He urges that such omission cannot be cured by the giving of another instruction that covers this requirement. Further, however, he claims the court erred in refusing to give his instruction on specific intent, implying that, had it been given, the instructions to the jury on that subject would have been adequate.

■ Instruction No. 12 informed the jury of the statutory elements of murder, attempt and attempted murder, explaining what must be proved beyond a reasonable doubt pursuant to the statutes. No. 13 followed 12 and explained to the jury it must find a specific intent to kill the victim and explained the definition of intent. Instructions must be construed as a whole. They are to be read together as a whole and not as single units, and a single instruction need not contain all the law applicable to the case. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1131. Additionally, the trial court instructed the jury on intent in its Final Instruction No. 15.

■ Hurt is correct in his contention that an erroneous instruction is not cured by a correct one. However, Instruction No. 12 was not an erroneous instruction. Instruction No. 12 informed the jury of the statutory requirements that must be supported by the evidence and Instruction No. 13 informed the jury of the requirement of specific intent. It is true that in *Smith v. State* (1984), Ind., 459 N.E.2d 355, this Court held that an instruction similar to Instruction No. 12 in the instant case,

which did not include the need to find specific intent to kill, was adequate. However, this Court further found in *Smith* that no other instruction filled this void by informing the jury that, in addition to knowingly killing or attempting to kill, one must also intend to kill. *Id.* at 358. The instructions in the instant case, as we have pointed out, when read together, did inform the jury of the requirement of specific intent to kill. *See also King v. State* (1988), Ind., 517 N.E.2d 383, 384; *Worley v. State* (1986), Ind., 501 N.E.2d 406, 408.

■ Hurt further claims error because the trial court refused his tendered Instruction No. 1. That instruction reads as follows:

### DEFENDANT'S INSTRUCTION NO. 1

Before you may find the defendant guilty of Attempted Murder as set out in Count I, you must find that the State has proven by evidence beyond a reasonable doubt each one of the following elements:

1. That the defendant intentionally, that is, with the specific intent to kill;

2. Engaged in conduct which constituted a substantial step toward killing [V.Q.];

If you find that the State has failed to prove any one of these elements byond [sic] a reasonable doubt, then you must find the defendant not guilty of Attempted Murder.

/s/ _____
John P. Brinson
Attorney for the Defendant

Such instruction more nearly complies with what we believe to be a proper instruction setting forth the elements of attempted murder, *see Spradlin v. State* (1991), Ind., 569 N.E.2d 948. Nevertheless, we hold that the trial court's Instructions No. 12 and 13 adequately covered the subject matter set forth in Hurt's tendered Instruction No. 1. Therefore, no error can be predicated on the trial court's refusal of Hurt's tendered Instruction No. 1.

Hurt also claims the trial court erred in giving final Instruction No. 24A in that it improperly invaded the province of the jury. Hurt concedes that, although he objected to the giving of Instruction No. 24A in the trial court, he did so on entirely different grounds. He has now abandoned the grounds raised in the trial court and presents, for the first time on appeal, the argument that Instruction No. 24A invades the province of the jury. Although he concedes this would be a waiver of consideration of this issue, he claims the error is fundamental. The court's Final Instruction No. 24A was as follows:

## COURT'S FINAL INSTRUCTION NO. 24A

Included in the offense charged in Count II is the crime of Attempted Rape, a class A felony.

"Attempt" is defined by statute as follows:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward the commission of that crime. An attempt to commit a crime is a felony of the same class as the crime attempted. Attempted rape is a class A felony.

To convict the defendant the State must have proved each of the following elements:

The defendant

1. knowingly
2. on or about July 12th, 1987, engaged in conduct that constituted a substantial step to accomplish
3. the crime of Attempted Rape which conduct was using force with the intent to have sexual intercourse with [V.Q.] without her consent while the defendant was armed with a deadly weapon, to-wit: a sharp metal object.

If the State failed to prove each of these elements beyond a reasonable doubt you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt you

should find the defendant guilty of the crime of Attempted Rape, a class A felony.

Hurt claims the trial court mandated the jury in this instruction to find that the substantial step taken by Hurt in the attempt to commit rape was "using force with the intent to have sexual intercourse with [V.Q.] without her consent while Hurt was armed with a deadly weapon, to-wit: a sharp metal object." He claims this mandates the jury to find these are the facts rather than making their own finding as to what the facts are. Hurt explains his argument by claiming this instruction equated the "use of force" with "substantial step," thus eliminating the need for the jury to determine the existence of a substantial step once the jury determined force was used. Therefore, he states, the instruction omitted the need to find a material element of the offense. Hurt's reliance on *Micinski v. State* (1986), Ind., 487 N.E.2d 150, and *Lacy v. State* (1982), Ind., 438 N.E.2d 968, is not well taken. Those cases stand for the principle that a total failure to give an instruction detailing the elements of an offense would constitute reversible error on appeal even absent compliance with the contemporaneous objection requirement. *Micinski*, 487 N.E.2d at 153; *Lacy*, 438 N.E.2d at 971. There is no such showing here. Instruction No. 24(A) fully explained all of the elements of attempted rape, including the fact that the substantial step taken to accomplish the act was done with the intent to have sexual intercourse with the victim without her consent.

Hurt presents no error on the issues of the instructing of the jury.

### II. *Corpus Delicti*

Hurt contends the trial court erred by permitting into evidence his three statements, State's Exhibits 37, 39, and 40, without requiring the State to first establish the *corpus delicti* regarding the crime of rape. The purpose of the *corpus delicti* requirement is to prevent the admission into evidence of a confession by a defendant to a crime which never occurred. *Riley v. State* (1976), 265 Ind. 43, 45, 349

N.E.2d 704, 706. To establish the *corpus delicti*, evidence independent of a defendant's statement must be presented which shows that a criminal act actually occurred. *Moore v. State* (1986), Ind., 498 N.E.2d 1, 4. The order of evidence is not vital. It is not error to admit such confessions if the supporting evidence comes after their admission rather than before. Furthermore, each element of a crime need not be proved beyond a reasonable doubt before a confession is admissible. Independent evidence from which an inference may be drawn that a crime was committed in connection therewith is sufficient to show the *corpus delicti*. *Fleener v. State* (1980), 274 Ind. 473, 477, 412 N.E.2d 778, 781; *Jones v. State* (1969), 253 Ind. 235, 249, 252 N.E.2d 572, 580, *cert. denied* (1977), 431 U.S. 971, 97 S.Ct. 2934, 53 L.Ed.2d 1069. Finally, as this Court recently held in *Willoughby v. State* (1990), Ind., 552 N.E.2d 462, 467, when a defendant confesses to several crimes of varying severity within a single criminal episode, strict and separate application of the *corpus delicti* rule to each offense adds little to the ultimate reliability of the confession once independent evidence of the principal crime is introduced. Here, at the time of the admission of the statements in the instant case, the State had established that the naked and bloody victim was discovered in the garage and was near death. The evidence further showed the victim had been stabbed and stripped of her clothing. She also had testified that Hurt had attacked her. Additionally, blood found on Hurt's jeans, shirt, and watch was consistent with the victim's blood. This was sufficient evidence to satisfy the *corpus delicti* requirement that a crime had been committed, even though there was no direct evidence that the specific crime of rape had, in fact, occurred.

No error was committed in the admission of the statements.

### III. *Sufficiency of the Evidence*

Finally, Hurt claims there is insufficient evidence of probative value to support his conviction for attempted rape. Ind.Code § 35–42–4–1(a)(1) provides that rape is committed if "a person ... knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force or imminent threat of force." Ind.Code § 35–41–5–1(a) defines attempt to commit a crime as an act where one, acting with the culpability required for commission of the crime, engages in conduct that constitutes a substantial step toward commission of that crime. Hurt was originally charged with rape but the trial court found there was insufficient evidence to support this charge and set it aside, leaving the jury to determine whether or not Hurt had committed attempted rape. Hurt raises no question concerning this procedure but claims there was insufficient evidence to support the crime of attempted rape. Hurt relies on *Goolsby v. State* (1987), Ind., 517 N.E.2d 54. Goolsby was convicted of the crime of rape. In *Goolsby*, the victim had been assaulted by Goolsby and was left naked and unconscious. She had no recollection of Goolsby having sexual intercourse with her although she had some feeling that he did. She claimed she had a feeling in the vaginal area that suggested there had been penetration. Medical examiners could find no evidence of trauma to the internal or external area of the vagina but did find motile sperm in her vagina. Medical experts further testified that sperm remain motile within the body for a period as long as two or three days, and the victim admitted she had had sexual intercourse within a forty-eight (48) hour period prior to Goolsby's attack. This Court found (Givan and Pivarnik dissenting) there was insufficient evidence of penetration to support the conviction for rape and reversed the conviction. *Id.* at 58.

■■■ In the instant case, evidence of penetration is not required to support a conviction for the crime of *attempted* rape, as opposed to the crime of rape itself. *See, e.g., Canaan v. State* (1989), Ind., 541 N.E.2d 894, 907, *cert. denied* (1990), —— U.S. ——, 111 S.Ct. 230, 112 L.Ed.2d 185 (penetration need not be established to support conviction of attempted criminal deviate conduct). Here, the victim was found in a semi-conscious condition, totally naked,

and bleeding from stab wounds about her body. Although she had no recollection of Hurt sexually invading her, she had a funny feeling in her vagina. In addition to this evidence is Hurt's statement that he did, in fact, attack the victim, tear her clothes from her, and lie on top of her while she was naked and he was naked from the waist down. He claimed that while he did this he had no intention to rape her and he did not rape her. This is, of course, a question of credibility. There was sufficient evidence before the jury supporting its verdict that Hurt was guilty of the crime of attempted rape. The trial court properly submitted the case to the jury for its verdict.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., concurs in result.

DICKSON, J., concurs and dissents without opinion.