**John L. IVY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 18S00–9809–CR–499.

Supreme Court of Indiana.

Sept. 3, 1999.

Lon D. Bryan, Muncie, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

John Ivy was convicted of murder and sentenced to sixty-five years imprisonment. In this direct appeal he raises one issue: whether the trial court erred in giving an accomplice liability instruction to the jury that did not include a statement of reasonable doubt. We affirm the trial court.

## Factual and Procedural Background

Because Ivy's sole challenge to his conviction is based on one of the trial court's instructions to the jury that does not turn on the evidence presented at trial, only a brief summary of the facts is required. Ivy and Antoine Barber were robbed at gunpoint by King David Preston on November 21, 1996. The following evening, Preston died as a result of multiple gunshot wounds in Michael Horton's apartment. Horton testified that he was in the apartment when Barber and Ivy arrived, but left shortly thereafter. He then heard several gunshots and saw both Barber and Ivy leaving his apartment as he returned and found Preston dead on the floor of the apartment. A jury convicted Ivy of murder. Barber was convicted of murder in a separate trial. For a more detailed factual background, see *Barber v. State*, 715 N.E.2d 848, 849–850 (Ind.1999).

## Jury Instruction

Both Ivy and Barber were robbed by Preston, both were seen entering the apartment where Preston died shortly before shots were heard, and both were seen leaving the apartment immediately before Preston's body was found. There was no evidence establishing which of the two fired the fatal shot.[1] Accordingly, Ivy's jury was instructed on accomplice liability.

Final instruction number seven, in its entirety, stated:

Aiding, inducing or causing an offense is defined by statute as follows:

A person, who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person has not been prosecuted for the offense, has not been convicted of the offense, or has been acquitted of the offense.

Therefore, an accomplice may be charged and convicted as a principal if you find he aided, induced or caused another person to commit the offense as heretofore defined.

It is not necessary that the evidence demonstrate the accomplice personally participated in the commission of each element of the offense.

As an initial matter, the instruction was not a misstatement of the law. It contained a verbatim recitation of Indiana Code § 35–41–2–4, the statute that defines accomplice liability.

Ivy contends that the instruction was reversible error because it did not inform the jury that the State bore the burden of proving beyond a reasonable doubt that he "knowingly or intentionally aided. . . ." Ivy acknowledges that the trial court has broad discretion in instructing the jury, and that the trial court's decision will be reversed only if the instruction misstated the law or otherwise misled the jury when considered within the context of all of the other instructions. *See Reaves v. State*, 586 N.E.2d 847, 855 (Ind.1992); 16B WILLIAM A. KERR, INDIANA PRACTICE § 22.9b (1998). In addition, and particularly relevant here, instructions "are to be read together as a whole and not as single units, and a single instruction need not contain all the law applicable to the case." *Hurt v. State*, 570 N.E.2d 16, 18 (Ind.1991).

Citing this last doctrine, the State points to several other instructions that specifically recited the State's burden to prove Ivy guilty beyond a reasonable doubt. Ivy responds that these instructions do not cure the lack of a reasonable doubt statement in the "aiding" instruction. First, he argues that the trial court's final instruction number eight does not cure the failure of instruction seven to address reasonable doubt. Instruction eight stated in part: "[t]he burden rests upon the State of Indiana to prove to each of you beyond a reasonable doubt, each and every element of the charge contained in the information." Ivy points out that the burden of proof in this instruction is directed only to the "elements of the charge contained in the information." Ivy contends that because he was charged with murder, the jury would not apply the burden of proof beyond a reason-

---

1. Evidence at trial demonstrated that projectiles of two different calibers were recovered from Preston's body and the crime scene indicating that two weapons had been fired. The weapons that fired the projectiles were not identified at trial. A third weapon was found in the apartment, but it had not been fired.

able doubt to the "aiding, inducing or causing" instruction. Ivy makes essentially the same point as to instruction nine which states in part: "[t]he State must prove the defendant guilty of each essential element of the crime charged, beyond a reasonable doubt." Because Ivy was not charged with "aiding," etc., he argues that this instruction also was insufficient to instruct the jury on the State's burden of proof for a conviction as an accomplice.

We do not agree that the instructions were insufficient. The jury was specifically instructed to "consider all of the instructions in construing any single instruction" by final instruction three. Moreover, the jury was thoroughly instructed on the State's burden of proof beyond a reasonable doubt, both by the instructions described above and by the instruction on murder which stated: "[i]f the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of murder, a felony." Finally, instruction number fourteen made clear that "[t]he government has the burden of proving the defendant guilty beyond a reasonable doubt." We conclude that instruction seven, when read together with the other instructions, did not mislead the jury as to the State's burden of proof. *See Hartman v. State*, 669 N.E.2d 959, 963 (Ind.1996) (aiding instruction that did not include statement on reasonable doubt did not shift burden of proof away from the State).

We note that the pattern instruction on accomplice liability includes the following statement: "[i]f the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the state did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty...." 1 INDIANA PATTERN JURY INSTRUCTIONS (CRIMINAL) 2.11 (2d ed.1991). The pattern instruction may be preferable to that given at trial. However, in light of the three other instructions that specified not only the State's burden of proof of "each essential element of the crime charged" beyond a reasonable doubt,

but also required "proving the defendant guilty" by the same standard, we cannot conclude that the trial court abused its discretion in giving instruction seven.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.