# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 09 2015, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Dawnya G. Taylor
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry W. Thomas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 9, 2015

Court of Appeals Case No.
82A04-1410-CR-477

Appeal from the Vanderburgh
Circuit Court
Cause No. 82C01-1210-FA-1299
The Honorable David D. Kiely,
Judge

**Bailey, Judge.**

# Case Summary

Jerry W. Thomas ("Thomas") appeals his conviction for Child Molesting, as a Class A felony.[1]  We affirm.

# Issues

Thomas presents two issues for review:

I.  Whether the trial court abused its discretion by admitting into evidence Thomas's confession absent independent evidence of the corpus delicti; and

II.  Whether sufficient evidence supports the conviction.

# Facts and Procedural History

In October of 2012, seven-year-old J.B. and eight-year-old S.B. lived with their father ("Father").  Father worked with Thomas and on occasion invited him to the family residence for a visit.  During one of Thomas's visits, S.B. walked into J.B.'s bedroom and saw that Thomas had his hand inside J.B.'s pajama pants.  S.B. reported this event to Father.

Father contacted police, and Thomas was interviewed.  He admitted that he had touched J.B. four times, once accidentally, by massaging her clitoris.  (Tr. 149.)  Thomas was charged with three counts of Child Molesting and one count

---

[1] Ind. Code § 35-42-4-3(a)(3).  The offense of Child Molesting is now a Level 1, 2, 3, or 4 felony.  We refer to the version of the statute in effect at the time of Thomas's crime.

of Obstruction of Justice. The latter charge was dismissed and Thomas was brought to trial before a jury on the Child Molesting charges. The jury convicted him of one charge and acquitted him of two others. He was sentenced to twenty-eight years imprisonment. This appeal ensued.

# Discussion and Decision

## *Corpus Delicti*

Thomas contends that his confession should not have been admitted because the State failed to present independent evidence of the corpus delicti, or body of a crime. More specifically, Thomas argues the crime charged was vaginal penetration and the State presented only independent proof of penetration of external genitalia.

In order for an extra-judicial confession to be admissible, the State must establish the corpus delicti; that is, there must be some independent evidence tending to prove that the crime charged has been committed by someone. *Green v. State*, 304 N.E.2d 845, 849-51 (Ind. 1974). The purpose for requiring proof of the corpus delicti is to prevent the admission of a defendant's confession to a crime that never occurred. *Hurt v. State*, 570 N.E.2d 16, 19 (Ind. 1991). The State is not required to prove the corpus delicti beyond a reasonable doubt, but must present independent evidence from which an inference may be drawn that a crime was committed. *Douglas v. State*, 481 N.E.2d 107, 110 (Ind. 1985). The corpus delicti need not be established prior to admission of the confession so

long as the totality of independent evidence presented at trial establishes it. *Morgan v. State*, 544 N.E.2d 143, 146 (Ind. 1989).

[7] Apart from Thomas's statement to police, the State presented S.B.'s testimony that she had seen Thomas "molesting" J.B. by "having his hands on her private part," J.B.'s testimony that Thomas had touched her "where pee comes out," and Nurse Jessica Hahn's testimony that the female urethra is located inside the labia minora. This testimony establishes that a crime of penetration of a child's sex organ occurred. *See e.g., Short v. State*, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991) (observing that proof of the slightest penetration is sufficient to establish penetration and holding that penetration of external genitalia, or vulva, is sufficient to support an unlawful sexual intercourse conviction).

[8] However, Thomas claims the testimonial evidence is insufficient to establish the corpus delicti of the charged crime because the charging information alleges that he "plac[ed] his finger into the vagina of the victim[.]" (App. 6.) He observes that J.B. denied that Thomas had placed his fingers "inside" her body. (Tr. 14.) Thomas asserts that the term "vagina" as used in the information means the vaginal vault, and claims that the "State's own exhibit makes clear the vagina is itself internal to the female body." (Appellant's Br. At 7.)[2]

---

[2] State's Exhibit 3, a diagram to which Thomas refers, labels the internal genitalia as "vaginal orifice." Thomas does not acknowledge the definition of "vagina" provided by Nurse Jessica Hahn, including both external and internal genitalia.

[9]     In drafting the charging information, the prosecutor alleged that Thomas had violated Indiana Code Section 35-42-4-3(a)(1), by committing deviate sexual conduct against J.B. At that time, Indiana Code Section 35-31.5-2-94 defined deviate sexual conduct to include: "an act involving … [t]he penetration of the sex organ or anus of a person by an object." The charging information used the term "vagina" as opposed to the statutory phrase "sex organ." However, the jury was instructed consistent with the statutory definition, and Thomas lodged no objection in this regard.

[10]    To the extent that Thomas now complains that the State's evidence did not mirror the charging information, he has made no claim of a fatal variance between the charging information and the proof adduced at trial. To the extent that Thomas suggests the State must establish each element of the charged crime in precise conformity with the charging information as a predicate to admission of a confession, he is incorrect. *See Hurt,* 570 N.E.2d at 20, observing that "each element of a crime need not be proved beyond a reasonable doubt before a confession is admissible."

[11]    In *Hurt*, the Court clarified that, where a victim had testified to an attack and there was evidence that she had been stabbed and stripped of her clothing, there was sufficient evidence to satisfy a corpus delicti requirement that a crime had been committed, "even though there was no direct evidence that the specific crime of rape had, in fact, occurred." *Id.* Accordingly, the Court concluded that the admission of the defendant's statements was not in error. *Id.* Here, we are likewise confident that the State presented sufficient evidence to satisfy the

corpus delicti requirement that a crime against J.B. had been committed, notwithstanding the charging information's reference to "vagina" as opposed to "sex organ."

## Sufficiency of the Evidence

[12] Thomas contends that there is insufficient evidence to support his conviction for Child Molesting. More specifically, he denies that there is evidence that he penetrated J.B.'s vagina.

[13] When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[14] The State alleged that Thomas performed deviate sexual conduct "by placing his finger into the vagina of the victim[.]" (App. 6.) Deviate sexual conduct was then defined by Indiana Code Section 35-31.5-2-94 to include "an act involving … [t]he penetration of the sex organ or anus of a person by an object." The statute defining deviate sexual conduct included no requirement that the vagina be penetrated, only that a sex organ of a person be penetrated. Notwithstanding the undefined reference to vagina in the charging information, the jury was instructed using the statutory definition of deviate sexual conduct.

J.B. testified that Thomas had placed his hand underneath her clothes, on her "cat" or "private part," more specifically, where "the pee comes out." (Tr. 12, 16.) Thomas admitted that he had "massaged [J.B.]'s clit." (Tr. 149.) Nurse Jessica Hahn testified that "the major parts of the vagina" include "the mons pubis at the top," labia majora, labia minora, vaginal opening, urethra, and clitoris. (Tr. 126.) She further explained that the urethra and clitoris are inside the labia minora. From this evidence, the jury could conclude beyond a reasonable doubt that Thomas committed deviate sexual conduct against J.B.

## Conclusion

Thomas's confession was not admitted in the absence of independent evidence of a corpus delicti. There is sufficient evidence to support Thomas's conviction of Child Molesting.

Affirmed.

Riley, J., and Barnes, J., concur.