## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2015, 8:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bernice A. N. Corley
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Dewbrew,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 7, 2015

Court of Appeals Case No. 49A04-1412-CR-597

Appeal from the Marion County Superior Court

The Honorable Steven Eichholtz, Judge

Cause No. 49G20-1309-FB-60218

**Bailey, Judge.**

# Case Summary

[1]    James Dewbrew ("Dewbrew") appeals his conviction for Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony.[1]  Dewbrew presents the sole issue of whether the State established the corpus delicti, such that Dewbrew's confession was properly admitted into evidence.  We affirm.

# Facts and Procedural History

[2]    On September 7, 2013, Indianapolis Metropolitan Police Department ("IMPD") Officer Steven Spina ("Officer Spina") responded to a call of shots fired at a home on South Collier Street in Marion County.  Upon arrival, Officer Spina discovered outside the home a .40 caliber bullet casing, a live round, a bullet hole in the siding, and a dog with a fresh gunshot wound to its mouth.  Officer Spina took photographs of the scene and the dog's mouth.  He also collected the bullet casing.

[3]    On September 9, 2013, IMPD Detective Russell O'Connor ("Detective O'Connor") was assigned to investigate the shooting.  Detective O'Connor learned that Dewbrew, his girlfriend Jackie Bundy, his minor daughter, and James Capps were at the scene of the incident.  After locating Dewbrew in a home on South Addison Street, Detective O'Connor obtained a search warrant

---

[1] Ind. Code § 35-47-4-5.  Due to substantial revisions to the Indiana Code effective July 1, 2014, this offense is now a Level 4 felony.  In this opinion, we refer to the versions of the statutes in effect at the time of Dewbrew's offense.

for Dewbrew and any firearms on the property. On September 10, 2013, the warrant was executed by an IMPD SWAT team and Dewbrew was taken into custody. Dewbrew initially declined to speak to police officers without an attorney, but later asked to speak to Detective O'Connor regarding the dog that was shot.

[4] After Dewbrew waived his Miranda rights, Detective O'Connor interviewed him about the Collier Street incident and "learned from [Dewbrew] that the gun was at his father's house[.]" (Tr. 33.) Detective O'Connor went to Dewbrew's father's house and retrieved a silver Taurus handgun. Dewbrew was then transported to IMPD's Southwest District headquarters where, in a videotaped interview, Dewbrew confessed to possessing a handgun and shooting the dog during the Collier Street incident. Dewbrew was placed under arrest. Forensic testing subsequently revealed that the casing found on Collier Street was fired by the handgun retrieved from Dewbrew's father's home.

[5] On September 16, 2013, Dewbrew was charged with: Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony ("Count 1"); Criminal Recklessness, as a Class C felony[2] ("Count 2"); Pointing a Firearm at Another Person, as a Class D felony[3] ("Count 3"); and Attempted Killing of a Domestic Animal, as a Class D felony[4] ("Count 4"). On September 26, 2014, the State

---

[2] I.C. § 35-42-2-2(c)(3).

[3] I.C. § 35-47-4-3.

[4] I.C. §§ 35-46-3-12(d) & 35-41-5-1.

moved to amend the charging information as to Count 1.[5]  The State also moved to add a fifth count, alleging that Dewbrew was a habitual offender.[6]  The trial court granted the motions on September 29, 2014.

[6]  Dewbrew waived his right to a jury trial.  On the State's motion, the trial court dismissed Counts 2 through 4.  As to Count 1, Dewbrew stipulated to a prior conviction for criminal confinement, a "serious violent felony" under Indiana Code section 35-47-4-5.[7]  As to the habitual offender count, Dewbrew also stipulated to having two prior felony convictions for Theft, as Class D felonies.

[7]  A bench trial was held on October 15, 2014.  On October 17, 2014, Dewbrew was found guilty of Unlawful Possession of a Firearm by a Serious Violent Felon.  The court also adjudicated him a habitual offender.  On November 3, 2014, Dewbrew was sentenced to twenty years in the Indiana Department of Correction, enhanced by five years for being a habitual offender.  In this belated appeal, Dewbrew challenges only his conviction for Unlawful Possession of a Firearm by a Serious Violent Felon.

# Discussion and Decision

---

[5] The State sought to amend the offense date from "on or about September 7, 2013" to "on or about September 7, 2013 to September 10, 2013."  (App. 72.)

[6] I.C. § 35-50-2-8.

[7] I.C. § 35-47-4-5(b)(7).

[8] Although Dewbrew frames his argument as one challenging the sufficiency of the evidence to support his conviction, the substance of his argument is that his confession to Unlawful Possession of a Firearm should not have been admitted because the State failed to establish the corpus delicti, that is, the body of the crime.

[9] To establish the corpus delicti, the State must present evidence – independent of the defendant's statement – that shows a criminal act actually occurred. *Hurt v. State*, 570 N.E.2d 16, 20 (Ind. 1991). As our supreme court has explained:

> The corpus delicti rule arose from judicial hesitancy to accept without adequate corroboration a defendant's out-of-court confession of criminal activity. The primary function of the rule is to reduce the risk of convicting a defendant based on his confession for a crime that did not occur.

*Willoughby v. State*, 552 N.E.2d 462, 466 (Ind. 1990) (citations omitted). Independent evidence of the crime need not be shown beyond a reasonable doubt nor demonstrate *prima facie* proof as to each element of the charged offense, but must support an inference that the crime was committed. *Id.* at 467. Circumstantial evidence alone may establish the corpus delicti. *Evans v. State*, 460 N.E.2d 500, 502 (Ind. 1984). The order in which evidence is introduced is not vital; thus, it is not error to admit a confession if the supporting evidence is introduced after the confession's admission. *Hurt*, 570 N.E.2d at 20. If the totality of the evidence presented at trial establishes the crime charged in the information or indictment was committed, a defendant's extrajudicial statements are admissible. *Evans*, 460 N.E.2d at 502.

[10] Under Indiana Code section 35-47-4-5(c), a serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony. The State charged that "Dewbrew, being a serious violent felon, that is: having been convicted of criminal confinement . . . on November 15, 2011, did on or about September 7, 2013 to September 10, 2013, knowingly or intentionally possess a firearm, that is: a handgun[.]" (App. 73.) Because Dewbrew stipulated to a prior conviction for a serious violent felony, the only issue for trial was whether he knowingly or intentionally possessed a firearm within the alleged timeframe. In his videotaped interview, Dewbrew confessed to possessing a handgun and shooting a dog during the Collier Street incident on September 7, 2013.

[11] At trial, the State introduced evidence that on September 7, 2013, in response to a call of shots fired at a home on Collier Street, Officer Spina collected evidence from the home including a .40 caliber bullet casing and photographs of a live round on the ground, bullet hole in the home, and fresh gunshot wound to a dog's mouth. This evidence permits the inference that someone possessed a gun on Collier Street on or about September 7, 2013. There was therefore sufficient independent evidence that possession of a firearm occurred to support the admission of Dewbrew's confession.

# Conclusion

[12] The State presented sufficient independent evidence of the crime to support Dewbrew's confession to Unlawful Possession of a Firearm by a Serious Violent Felon.

[13] Affirmed.

Riley, J., and Barnes, J., concur.