523 P.2d 47

**STATE of Arizona, Appellee,**

v.

**Carl Lindsey DURHAM, Appellant.**

**No. 2704.**

Supreme Court of Arizona,
En Banc.

June 6, 1974.

Rehearing Denied July 9, 1974.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, John S. O'Dowd, Asst. Atty. Gen., Tucson, Charles L. Weninger, Certified Third Year Law Student, for appellee.

Albert R. Gamble, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Carl Lindsey Durham, appeals from a judgment entered on the jury's verdict of first degree murder.

The defendant became acquainted with the victim in a Tucson, Arizona, tavern and later accompanied the victim to the victim's apartment. The victim was found several days later, severely beaten and comatose. The defendant was arrested in New Mexico.

At the trial, defendant took the stand in his own behalf and denied murdering anyone.

The jury found the defendant guilty as charged. The defendant raises eight issues on appeal.

1. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING THE DEFENDANT'S WAIVER OF TRIAL BY JURY AND COMPELLING THE DEFENDANT TO STAND TRIAL BY JURY?

■ It is well established that the right to a jury trial may be waived when the accused is aware of this right and voluntarily and intelligently relinquishes it. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). However, the right to waive trial by jury is not a absolute right of the accused. The United States Supreme Court in Patton v. United States, *supra*, established the criteria for determining the validity of such a waiver when it stated:

"Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, *before any waiver can become effective, the consent of government counsel and the sanction of the court must be had,* in addition to the express and intelligent consent of the defendant." (Emphasis added). 281 U.S. at 312, 50 S.Ct. at 263.

■ We find that the trial court properly refused to accept the waiver of a jury trial by the defendant upon the objection of the counsel for the state.

2. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ADMITTING SUPPRESSED STATEMENTS TO IMPEACH THE DEFENDANT?

After he was arrested, defendant made statements to police officers indicating that he did not know nor had he ever met Marcello Sandoval, the victim. Prior to the statements, the defendant was advised of his *Miranda* rights. However, the defendant had moved prior to trial for the disclosure of all statements made by him.

These oral statements of the defendant were contained in a police report which the state objected to turning over to defense counsel. The deputy county attorney indicated that he did not intend to use the statements in his case, and the court denied defendant's motion.

In the middle of the trial the state indicated it now might use the statements. After argument in chambers and an offer of proof disclosing the contents of the

statements, the court ruled that the state could not, in its case in chief, present testimony of defendant's oral statements to the police. The court reserved its ruling on whether the testimony could be used later in the trial for rebuttal.

After the state had put on its case, the defendant took the stand. At the close of defendant's case, the state in rebuttal recalled an officer who testified as to defendant's oral statements. At this point there was no objection by defense counsel.

■ In view of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), where the United States Supreme Court upheld the use for impeachment of statements obtained in violation of *Miranda* rights, we can not say that the trial court committed error here. By the offer of proof, the defendant had full knowledge of the content of the oral statements before he took the stand to testify. We find no merit to defendant's contention on this point.

3. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ITS ADMISSION OF HOSPITAL RECORDS?

■ Defendant next maintains that certain hospital records were improperly admitted. Defendant concedes that hospital records are admissible as the "business records" exception to the hearsay rule. State v. Cadena, 9 Ariz.App. 369, 452 P.2d 534 (1969). However, defendant argues that the information in the Thomason General Hospital records contained hearsay testimony of Dr. Kaufman on the issue of the cause of death of the victim. Defendant maintains that Dr. Kaufman had not personally examined the victim at or near the time of his death or post mortem and relied entirely on the diagnosis of another physician at Thomason General as to the cause of death. This additional level of hearsay was never cured, since the other physician was not present at trial to testify

and therefore was beyond the reach of the cross-examination of defendant.

However, defendant's argument is not supported by the record. The trial transcript reveals that Dr. Kaufman examined the victim at least five times shortly after his admission and at least once a week for five weeks thereafter until the death of the victim. Thus, statements of Dr. Kaufman which appear in the hospital records are based at least in part upon his own personal observations of the victim. Furthermore, as chairman of the department, Dr. Kaufman had general overall management of the victim during his hospitalization.

Therefore, we have no problem in dismissing this argument of defendant.

4. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN REFUSING TO ADMIT THE PROFFERED TESTIMONY OF DEFENDANT'S EXPERT WITNESS ON THE SUBJECT OF HOMOSEXUALITY?

Both the victim and the defendant were confirmed homosexuals. Defendant argues that an overtone of homosexuality permeated the trial and, conditioned by heterosexual values, the jury was unable to render a fair evaluation of the evidence and to appreciate the nature of a socially abnormal individual. Defendant concludes that expert testimony on the subject of homosexuality should have been admitted and its exclusion was fatally prejudicial to a fair trial for the defendant.

■ We are not aware of any prejudice suffered by the defendant at trial because he is a confirmed homosexual. Furthermore, homosexuality neither justifies, excuses or mitigates the crime of first degree murder. The expert testimony offered on the subject of homosexuality might have had an appropriate place in a mitigation hearing prior to sentencing but not on the issue of innocence or guilt.

■ The trial court did not abuse its discretion in denying the admission of the testimony of this expert witness.

## 5. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FINDING STATEMENTS MADE BY THE DEFENDANT TO HAVE BEEN MADE VOLUNTARILY?

Defendant was interrogated after his arrest and prior to trial by a police officer. The record indicates that after having been given his *Miranda* rights, the defendant indicated there may be some questions he would prefer not to answer unless his attorney was physically present. Defendant now maintains that his statements were involuntary.

The record indicates that the trial court, to safeguard the defendant's constitutional rights, conducted a voluntariness hearing. Both the state and the defendant presented evidence on the issue of voluntariness and the trial court determined that the defendant was advised of his constitutional rights and that the statements were made voluntarily.

■ This finding by the trial court is supported by the record and thus the statements of the defendant were properly admitted at trial.

## 6. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ADMITTING STATE'S EXHIBITS 4, 5 AND 6 OVER THE OBJECTIONS OF DEFENDANT?

■ Defendant argues that certain photographs were not only highly inflammatory but also without probative value. Our review of the photographs indicates they were not inflammatory in nature and were both relevant and probative in telling the story of the crime. Thus, the trial court did not abuse its discretion in admitting the photographs. State v. Cobb, 110 Ariz. 578, 521 P.2d 1124, filed May 8, 1974.

■ Defendant next contends that the prosecutor purposely concealed certain photographs from the defense, notwithstanding defendant's timely motion for discovery and such concealment was prosecutorial misconduct. The record indicates that the prosecutor was ordered by the trial judge to furnish the defense with copies of these photographs by noon of the first day of trial. In absence of a showing that the defense was prejudiced in the presentation of its case by this admitted late disclosure, there is no basis for reversal under the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), and State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967).

## 7. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN OVERRULING THE MOTION OF THE DEFENDANT FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE?

The record indicates that the defendant met the deceased on the evening of December 27, 1971, possibly hours before the fatal beating, and after a short acquaintance, the defendant accompanied the deceased to his apartment. The victim was found in his apartment in a comatose condition, very badly beaten, in the early hours of January 1, 1972. A liquor bottle, bearing the defendant's fingerprints, appears to be the instrument used to inflict the fatal head wounds. The record also reveals that defendant sold certain items of personal property of the victim, representing that they were gifts, and made various purchases between December 27, 1971, and May, 1972, using the victim's credit cards.

■ There is no duty to direct a verdict of acquittal where there is substantial evidence that the defendant committed the crime of which he has been accused. State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1967).

## 8. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN OVERRULING THE DEFENDANT'S MOTION FOR A NEW TRIAL?

Defendant's final contention is based upon the conclusion of one of its witnesses, a forensic pathologist, who testified that it was improbable that the victim sustained the injuries more than 48 hours before being discovered in his apartment, severely beaten and comatose. Defendant argues

that a new trial should have been granted because the defendant is excluded as the perpetrator of the murder on the basis of an alibi at the time the victim sustained the alleged beating.

A motion for a new trial is addressed to the discretion of the trial court and a denial of such motion is reversible error only when there is an affirmative showing that the trial court abused its discretion and acted arbitrarily. Former Rule 310, Rules of Criminal Procedure, 17 A.R.S.; State v. Reeden, 106 Ariz. 409, 477 P.2d 240 (1970); State v. Mason, 105 Ariz. 466, 466 P.2d 760 (1970); State v. Bogard, 88 Ariz. 244, 354 P.2d 862 (1960).

We find the trial court has not abused its discretion in the denial of the motion for a new trial.

Judgment of conviction and sentence affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.