540 P.2d 677

**STATE of Arizona, Appellee,**

v.

**Jimmy Dale HARDY, Appellant.**

**No. 3215.**

Supreme Court of Arizona, En Banc.

Oct. 3, 1975.

Rehearing Denied Nov. 4, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ward, Hufford, Blue & Withers by Roy Ward, Flagstaff, for appellant.

HAYS, Justice:

After a trial by jury, defendant was convicted of kidnapping (one count) and rape (two counts) with a prior felony conviction. He was sentenced to not less than 10 years nor more than 10 years and 3 months on each count, with the sentences to run concurrently. He appeals each of the convictions. We take jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Defendant presents five issues for our consideration:

1) whether he was properly identified in court as the assailant;

2) whether the defendant's wallet was properly admitted into evidence;

3) whether the hospital records of the victim's examination were properly admitted;

4) whether it was proper to impeach the defendant's testimony by disclosure of a

prior felony conviction, and 5) whether the trial court should have instructed the jury on certain matters.

On the issue of identification, defendant's first argument is that the complaining witness's identification was inconclusive because the four witnesses who identified the defendant disagreed on the details of his appearance and of his vehicle. To reach its verdict, the jury necessarily resolved these disagreements. Evidence to support a conviction is not insubstantial simply because reasonable persons may draw different conclusions therefrom. *State v. Money,* 110 Ariz. 18, 514 P.2d 1014 (1973).

Defendant further argues that the complaining witness's identification was tainted because she had been influenced by seeing his photograph among those from which she was asked to pick out her attacker. Though she was unable to recognize the defendant from his photograph, the victim did identify him in court. Defendant concludes that it was seeing the photograph combined with the circumstances of the trial which produced this identification.

The record indicates that the in-court identification was not challenged at trial. Finding no fundamental error, we will conclude that prior identification procedures did not taint it. *State v. Gering,* 108 Ariz. 377, 498 P.2d 465 (1972).

Defendant's second contention is that his wallet was improperly admitted into evidence. The wallet was found in the vehicle by the victim and taken away by her when she was abandoned by her assailants. Defendant argues that there was a fatal defect in the chain of custody because the victim placed the wallet on a hospital counter top before it was picked up by the law enforcement officer who held it for trial. We disagree. The state is not required to exclude every remote possibility of tampering. *State v. Davis,* 110 Ariz. 51, 514 P.2d 1239 (1973). An exhibit may be admitted when there is evidence which strongly suggests the exact whereabouts of the exhibit at all times, and which suggests no possibility of substitution or tampering. *State v. Davis, supra.*

Defendant's third contention is that the hospital records of the victim's examination were improperly admitted. Hospital records are admissible under the "business records" exception to the hearsay rule. *State v. Durham,* 111 Ariz. 19, 523 P.2d 47 (1974). Statements of hearsay and opinion were deleted from the records before admission, leaving only the facts of the victim's physical condition. There was no error.

The fourth issue defendant raises is whether it was proper to impeach the testimony of the defendant by disclosure of a prior felony conviction. Here, it was proper for the reasons stated in *State v. King,* 110 Ariz. 36, 514 P.2d 1032 (1973).

Defendant's final contention is that the trial court erred in failing to instruct the jury on circumstantial evidence and in failing to caution the jury against the prejudice which is liable to be aroused because of the nature of the crime. The record does not reveal that these particular instructions were requested.

Unless the matter is vital to the rights of the defendant, the failure to give an instruction which has not been requested is not error. *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973). Moreover, the trial court's instructions dealt with the matter of prejudice. There was no fundamental error.

The judgment and sentences are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.