160 P.3d 695

**PHOENIX CITY PROSECUTOR'S OFFICE, Petitioner,**

v.

**The Honorable Gloria YBARRA, Judge of the Phoenix Municipal Court, Respondent Judge,**

**Joshua Price Landers, Real Party in Interest.**

**No. 1 CA–SA 07–0029.**

Court of Appeals of Arizona, Division 1, Department E.

June 21, 2007.

---

Kerry G. Wangberg, Phoenix City Prosecutor By Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorneys for Petitioner.

Law Office of Jonathan L. Warshaw By Jonathan L. Warshaw, Gilbert, Attorneys for Real Party in Interest.

## OPINION

TIMMER, Judge.

¶ 1 We accept jurisdiction in this special action to decide whether the State must consent to a defendant's waiver of his right to a jury trial on a charge of misdemeanor driving under the influence ("DUI") in violation of Arizona Revised Statutes ("A.R.S.") section 28–1381 (Supp.2006). For the reasons that follow, we hold the State's consent is not required.

## BACKGROUND

¶ 2 The State charged real-party-in-interest Joshua Price Landers with driving while impaired to the slightest degree in violation of A.R.S. § 28–1381(A)(1) and driving with a blood alcohol concentration above .08 in violation of A.R.S. § 28–1381(A)(2), both misdemeanor offenses, A.R.S. § 28–1381(C). He requested a jury trial pursuant to A.R.S. § 28–1381(F), which the Phoenix Municipal Court granted. After trial in that court, a jury acquitted Landers of the first DUI charge but found him guilty of the second. Landers subsequently filed a motion for new trial on the second charge, which the court granted.

¶ 3 Prior to his second trial, Landers filed a "Waiver of his Right to Jury Trial." The State opposed the waiver and asked the court to grant the State's independent request for

a jury trial. The court rejected the State's opposition to Landers' waiver and denied the State's request for a jury trial. Significantly, the court concluded that A.R.S. § 28–1381(F) only provides the defendant with a statutory right to a jury trial, and that "nothing in the statute requires the consent or approval of the state."

¶ 4 The State subsequently filed a petition for special action relief in the superior court challenging the municipal court's ruling. The superior court declined jurisdiction, and the State initiated the pending special action.

## SPECIAL ACTION JURISDICTION AND STANDARD OF REVIEW

¶ 5 We accept jurisdiction in this special action because it presents a legal question of first impression and of statewide importance, and because the State has no equally plain, speedy, or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1, 3; *Jackson v. Schneider ex rel. County of Maricopa*, 207 Ariz. 325, 327, ¶ 5, 86 P.3d 381, 383 (App. 2004); *see also* A.R.S. §§ 13–4032 (2001) (listing issues State may appeal in criminal cases) & 22–375 (2002) (stating only appeal from municipal court judgment is to superior court). Additionally, the State has provided evidence of conflicting municipal court rulings on this issue, so a decision from this court would provide needed guidance. *Cervantes v. Cates ex rel. County of Maricopa*, 206 Ariz. 178, 181, ¶ 10, 76 P.3d 449, 452 (App.2003).

¶ 6 We review the superior court's decision declining jurisdiction for an abuse of discretion. *Stoudamire v. Simon*, 213 Ariz. 296, 297, ¶ 3, 141 P.3d 776, 777 (App.2006). Whether the State was entitled to a jury trial in the face of Landers' waiver is a question of law that we review de novo. *Id.* "An error of law may constitute an abuse of discretion." *Id.*

## DISCUSSION

¶ 7 The State argues the municipal court erred by refusing to conduct a jury trial

because (1) the State has an independent right to a jury trial pursuant to A.R.S. § 28–1381(F), which it timely exercised, and, alternatively, (2) the State is required to consent to a defendant's waiver of a jury trial pursuant to A.R.S. § 13–3983 (2001) and Arizona Rule of Criminal Procedure ("Rule") 18.1(b), and the State did not do so here. We address each contention in turn.

## I. Does the State have an independent right to a jury trial in misdemeanor DUI cases?

¶ 8 The State argues it has a statutory right [1] to a jury trial in misdemeanor DUI cases, and thus the municipal court erred by denying the State's timely demand for a jury trial after Landers waived his right. *See* A.R.S. § 22–320(A) (2002) (stating jury demand by state or defendant must be made at least five days before trial or deemed waived). Specifically, the State cites A.R.S. § 28–1381(F), which provides: "At the arraignment, the court shall inform the defendant that the defendant may request a trial by jury and that the request, if made, shall be granted." *See also* A.R.S. § 28–1382(C) (Supp.2006) (setting forth same language in context of extreme DUI offense). This court has held that §§ 28–1381(F) and –1382(C) provide substantive jury-trial rights for misdemeanor DUI offenses. *Manic v. Dawes*, 213 Ariz. 252, 254, ¶ 9, 141 P.3d 732, 734 (App.2006); *State ex rel. Wangberg v. Smith*, 211 Ariz. 101, 104, ¶ 11, 118 P.3d 49, 52 (App.2005).

¶ 9 Although § 28–1381(F) does not mention the State's right to a jury trial, the State nevertheless contends this provision provides a corresponding right to the State. First, the State points out that § 28–1381(F) does not expressly exempt the State from exercising the jury-trial right. Consequently, the State contends the legislature intended to grant a jury-trial right to both the defendant and the State for such offenses. The State asserts that this court supported this view of § 28–1381(F) in *Manic* and *Smith* by speaking of a right for misdemeanor DUI "of-

---

1. The State does not contend it possesses a constitutional right to a jury trial. We therefore do not address that issue.

fenses" rather than limiting the right to defendants.

■ ¶ 10 To discern the meaning of a statute, we look first to its language, *Calmat of Ariz. v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993), and we will ascribe plain meaning to its terms unless they are ambiguous. *Rineer v. Leonardo ex rel. County of Pima,* 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). Section 28–1381(F) expressly says *"the defendant* may request a trial by jury," which the court must grant. (Emphasis added.) A plain reading of this statute compels the conclusion that only the defendant is entitled to a jury trial and only if the defendant asks for it. Thus, if no request is made by the defendant, the case will not be tried before a jury. Although the statute does not specifically exclude the State from exercising a jury-trial right, the legislature implicitly did so by providing the right to the defendant only. *Westburne Supply, Inc. v. Diversified Design & Constr., Inc.,* 170 Ariz. 598, 600–01, 826 P.2d 1224, 1226–27 (App.1992) (citing *Hoyle v. Superior Court,* 161 Ariz. 224, 227, 778 P.2d 259, 262 (App. 1989)) ("What a statute necessarily implies is as much a part of the statute as what it makes explicit."); *see also Goldman v. Kautz,* 111 Ariz. 431, 432, 531 P.2d 1138, 1139 (1975) ("If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language."); *Smith,* 211 Ariz. at 104, ¶ 11, 118 P.3d at 52 (to same effect).

¶ 11 Additionally, although both *Manic* and *Smith* stated that a right to a jury trial exists for misdemeanor DUI offenses, they did so in the context of the propriety of *defendants'* assertion of such rights over the State's objections. *Manic,* 213 Ariz. at 253, ¶ 1, 141 P.3d at 733; *Smith,* 211 Ariz. at 102, ¶ 1, 118 P.3d at 50. Whether the State possessed a corresponding right was not before the court in either case, and we therefore decline to construe its word choice as commenting on the issue.

¶ 12 The State next argues we should construe § 28–1381(F) as granting a jury-trial right to the State because state and federal courts have long held that a state can obtain a jury trial in the face of a waiver of the constitutionally guaranteed right by a defendant even though the state is not mentioned in those constitutional guarantees. *See e.g., Singer v. United States,* 380 U.S. 24, 34–38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *State v. Durham,* 111 Ariz. 19, 20, 523 P.2d 47, 48 (1974).[2] According to the State, therefore, "[i]f the Legislature had intended to do something as innovative as creating a jury trial right *solely* for defendants in a criminal matter ... it would have done so in clearer language than that used in A.R.S. § 28–1381(F)."

¶ 13 We reject the State's contention. First, as explained previously, the plain language of § 28–1381(F) compels a construction of that provision as only granting a defendant a right to a jury trial in misdemeanor DUI cases. Thus, we do not utilize secondary principles of construction to glean legislative intent. *See Fuentes v. Fuentes,* 209 Ariz. 51, 55, ¶ 12, 97 P.3d 876, 880 (App. 2004) (noting court need not resort to secondary rules of construction when language is clear); *J.L.F. v. Ariz. Health Care Cost Containment Sys.,* 208 Ariz. 159, 162, ¶ 15, 91 P.3d 1002, 1005 (App.2004) (acknowledging that if statutory language is unclear "we consider the statute's context, subject matter, historical context, effects and consequences, and spirit and purpose") (citations omitted).

¶ 14 Second, the reasons for allowing the State to obtain a jury trial in the face of a defendant's waiver of a constitutional right to a jury do not apply to a waiver of a statutorily created jury-trial right. In *Singer v. United States,* defendant Singer argued "that a defendant in a federal criminal case has not only an unconditional constitutional right, guaranteed by Art. III, § 2, and the Sixth Amendment, to a trial by jury, but also a correlative right to have his case decided by a judge alone if he considers such a trial to

---

2. *See also Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *abrogated on other grounds by Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *State v. Poehnelt,* 150 Ariz. 136, 147, 722 P.2d 304, 315 (App.1985); *State v. Webb,* 19 Ariz.App. 73, 75, 504 P.2d 1296, 1298 (1973).

be to his advantage." 380 U.S. at 25–26, 85 S.Ct. 783. Thus, Singer claimed that Federal Rule of Criminal Procedure ("Federal Rule") 23, which required the United States to consent to any waiver of the jury-trial right, was unconstitutional. *Id.* at 26, 85 S.Ct. 783.

¶ 15 The Court rejected Singer's claim, concluding that a defendant has no constitutional right to waive a jury trial and that Federal Rule 23(a) "sets forth a reasonable procedure governing attempted waivers of jury trials." *Id.* The Court further explained why the government is entitled to withhold consent:

> The Constitution recognizes an adversary system as the proper method of determining guilt, and *the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.* This recognition of the Government's interest as a litigant has an analogy in Rule 24(b) of the federal rules [of criminal procedure], which permits the Government to challenge jurors peremptorily.

*Id.* at 36, 85 S.Ct. 783 (emphasis added); *see also Durham,* 111 Ariz. at 20, 523 P.2d at 48 (quoting *Patton,* 281 U.S. at 312, 50 S.Ct. 253) ("Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be

had, in addition to the express and intelligent consent of the defendant.")

¶ 16 Unlike cases in which a defendant is automatically imbued with a constitutionally guaranteed right to a jury trial, the State has no expectation that a misdemeanor DUI case will be "tried before the tribunal which the Constitution regards as most likely to produce a fair result." *Singer,* 380 U.S. at 36, 85 S.Ct. 783. Indeed, the State asserts that a defendant has no constitutional right to a jury trial in such cases, so it logically cannot assert that it expects such cases to be tried before a jury because the Constitution favors such trials. Thus, because the reason underlying decisions permitting the State to veto a waiver of a constitutionally granted jury-trial right is absent in misdemeanor DUI cases, we reject the State's notion that the legislature must have intended to grant the State a right to a jury trial pursuant to § 28–1381(F) even absent express language to that effect.[3]

¶ 17 In sum, we hold that A.R.S. § 28–1381(F) does not grant the State a right to a jury trial in misdemeanor DUI cases.

## II. Must the State consent to a defendant's waiver of a jury trial after the defendant has requested a jury trial pursuant to A.R.S. § 28–1381(F)?

■ ¶ 18 The State next argues the municipal court erred by allowing Landers to waive his jury-trial right without the consent of the State because a defendant has no absolute right to waive a jury trial, as evidenced by A.R.S. § 13–3983 and Rule 18.1(b).[4] Landers responds that these authorities are merely procedural and do not provide the State with a substantive right to a jury trial.

3. Our dissenting colleague does not dispute the plain meaning of the language used in § 28–1381(F). Nevertheless, he disregards that meaning because language in the Sixth Amendment similarly fails to mention the government as having jury-trial rights yet has been construed as granting such rights. *See infra* at ¶ 28. As we explain, however, the State does not have the same expectation that a jury will resolve a case when the defendant's jury-trial right is statutorily granted rather than constitutionally granted. Thus, in our view, the only way to reach the result advocated by the dissent is to rewrite § 28–1381(F)—a task for the legislature.

4. The State also mentions the Arizona Constitution as authority requiring the State's consent to a defendant's waiver. Article 6, Section 17, of the Arizona Constitution, provides "The right of jury trial as provided by this Constitution shall remain inviolate, but trial by jury may be waived by the parties in any civil cause or by the parties with the consent of the court in any criminal cause." The State then dismisses this section as applying only when a defendant has a constitutional right to a jury trial. The State wisely follows this course as Article 6, Section 17, by its terms, applies only to proceedings in the superior court.

Thus, Landers concludes, the State has no substantive right to usurp his decision to waive a trial by jury.

¶ 19 Section 13–3983, A.R.S., provides: "A trial by jury may be waived in criminal actions by the consent of both parties expressed in open court and entered on its minutes." Similarly, Rule 18.1(b) states: "The defendant may waive [the] right to trial by jury with consent of the prosecution and the court." The State argues that once Landers exercised his right to a jury trial pursuant to § 28–1381(F), he could only waive that right with the State's consent.

¶ 20 Although the plain language of § 13–3983 and Rule 18.1(b) supports the State's position, when read in conjunction with § 28–1381(F), that construction creates an anomalous result. *See Goulder v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993) ("Statutes relating to the same subject matter should be read *in pari materia* to determine legislative intent and to maintain harmony."); *State v. Thomason*, 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989) ("A statute should be explained in conjunction with other statutes which relate to the same subject or have the same general purpose."). Specifically, while the legislature declined to grant jury-trial rights to the State in misdemeanor DUI cases, requiring the State to consent to any waiver of a defendant's exercised right pursuant to § 13–3983 and Rule 18.1(b) would effectively grant that right. In light of this inconsistency, we utilize secondary principles of statutory construction to glean the legislature's and supreme court's intentions. *J.L.F.*, 208 Ariz. at 162, ¶ 15, 91 P.3d at 1005; *see also State v. Old W. Bonding Co.*, 203 Ariz. 468, 471, ¶ 12, 56 P.3d 42, 45 (App.2002) (holding rules of procedure interpreted in same manner as statutes).

¶ 21 In our view, the only way to harmonize § 28–1381(F) with § 13–3983 and Rule 18.1(b) is to conclude that the latter provisions require consent to a defendant's waiver of a jury-trial right only when that right is also substantively granted to the State by the state or federal constitutions or by statute. This interpretation gives effect to the legislature's apparent intent pursuant to § 28–1381(F) to give only a defendant jury-trial rights in misdemeanor DUI cases. *See City of Phoenix v. Superior Court*, 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984) (cardinal rule of statutory interpretation is to ascertain legislative intent, and court should interpret statute so as to give it a fair and sensible meaning); *Herman v. City of Tucson*, 197 Ariz. 430, 434, ¶ 14, 4 P.3d 973, 977 (App. 1999) (quoting *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App. 1989)) (noting court avoids interpreting statute "so as to render any of its language mere 'surplusage,' [and instead] give meaning to 'each word, phrase, clause, and sentence ... so that no part of the statute will be void, inert, redundant, or trivial' ").

¶ 22 Support for our conclusion is also found in the comment to Rule 18.1(b), which says that the rule "states the conditions on defendant's waiver of jury contained in Ariz. Const. Art. 6, § 17 (Supp.1971) consent of the court and the prosecutor." Thus, the supreme court apparently intended its rule to apply only to waivers of constitutionally granted jury-trial rights. Additionally, as previously explained, *see supra* ¶¶ 14–16, the reasons for requiring the State's consent to waivers exist only when the State has an expectation of trying a case to a jury pursuant to constitutional or statutory authority. A more restrictive interpretation of § 13–3983 and Rule 18.1(b) promotes this rationale.

¶ 23 Finally, the State offers no reason, and we discern none, why the legislature would decline to give the State a right to a jury trial in misdemeanor DUI cases from the outset yet effectively grant that right by giving the State a veto power over a defendant's change of heart to elect a jury trial under § 28–1381(F). Under the State's view, if a defendant requested a jury trial but withdrew the request the next day, the court could only permit a non-jury trial with the State's consent. Such an absurd result further supports a rejection of the State's argument. *See Forino v. Ariz. Dep't of Transp.*, 191 Ariz. 77, 80, 952 P.2d 315, 318 (App.1997) ("To discern the legislature's intent, we may consider the effect and consequences of alternative construction.").

¶ 24 For all these reasons, we conclude the State is not required to consent to a defendant's waiver of the jury-trial right once requested pursuant to A.R.S. § 28–1381(F).

## CONCLUSION

¶ 25 For the foregoing reasons, we accept jurisdiction in this special action. Because the municipal court properly permitted Landers to waive his right to a jury trial over the State's objection, however, we deny relief to Petitioner Phoenix City Prosecutor's Office.

CONCURRING: MICHAEL J. BROWN, Judge.

HALL, Judge, dissenting.

¶ 26 In two recent cases, *Manic v. Dawes*, 213 Ariz. 252, 141 P.3d 732 (App.2006), and *State v. Smith*, 211 Ariz. 101, 118 P.3d 49 (App.2005), this court has construed A.R.S. § 28–1381(F) as granting a defendant charged with misdemeanor DUI a right to jury trial. Today, the majority interprets § 28–1381(F) as granting a defendant a right to waive a jury over the prosecutor's objection notwithstanding that Arizona Rule of Criminal Procedure 18.1(b) requires the consent of the prosecution before the court may grant a defendant's request to waive a jury trial. *See also* A.R.S. § 13–3983 (2001) ("A trial by jury may be waived in criminal actions by the consent of both parties expressed in open court and entered on its minutes."); A.R.S. § 22–320(A) (2002) ("A trial by jury shall be had if demanded by either the state or defendant."). In so holding, I believe the majority goes awry by granting a defendant an unconditional right to waive a statutory right to a jury trial even though a defendant's ability to waive a constitutional jury-trial right is conditioned (with some exceptions) on the prosecutor's agreement. *See Singer v. United States*, 380 U.S. 24, 34–35, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) ("The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite[.]"). Unlike the ma-

jority, I perceive nothing in § 28–1381(F) or the related statutory scheme that evinces an intent by the legislature to single out misdemeanor DUI cases as the sole jury-eligible offense in Arizona for which a defendant has the unfettered right to waive a jury trial without the concurrence of the prosecutor.

¶ 27 In *Singer*, the United State Supreme Court determined that neither Article III, Section 2 [5] nor the Sixth Amendment [6] jury-trial guarantee grant a correlative right to a defendant to have his guilt determined by a judge alone, and therefore rejected Singer's claim that Federal Rule of Criminal Procedure 23(a), the federal analogue to Rule 18.1(b), violated his constitutional rights by placing conditions on his ability to waive trial by jury. 380 U.S. at 37–38, 85 S.Ct. 783. In concluding that the Constitution is not violated by conditioning a defendant's waiver on the consent of the prosecuting attorney, the Court recognized that:

> [T]he Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Id.* at 36, 85 S.Ct. 783; *see also State v. Durham*, 111 Ariz. 19, 20, 523 P.2d 47 (1974) (quoting *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) ("[T]he maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, *before any waiver can become effective, the consent of government counsel and the sanction of the court must be had* ....") (emphasis added by Durham).

¶ 28 The majority attempts to distinguish the *Singer* rationale on two bases. First, according to the majority, "the plain language of § 28–1381(F) [7] compels a construction of that provision as only granting a defendant a right to a jury trial in misdemeanor cases." *Supra* at ¶ 13. But clearly, the language in § 28–1381 is no more com-

---

**5.** "The Trial of all Crimes ... shall be by Jury."

**6.** "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"

**7.** "At the arraignment, the court shall inform the defendant that the defendant may request a trial by jury and that the request, if made, shall be granted."

pelling in terms of the rights it grants a defendant than is the Sixth Amendment's guarantee that the "accused shall enjoy the right to a speedy and public trial." *Singer* nonetheless recognized that the State had a legitimate (and constitutional) interest in having cases tried by a jury in those instances when a defendant possessed a constitutional right to jury trial.

¶ 29 As an additional reason for interpreting § 28–1381(F) as granting defendant an unconditional right to waive the right to a jury trial, the majority asserts that the State has a lesser interest in securing a tribunal that it believes is most likely to produce a fair result when the jury-trial right is statutorily created rather than constitutionally based. *Supra* at ¶¶ 16–17. I disagree. The legislature presumably granted defendants a right to jury trial in misdemeanor DUI cases because it believed the consequences of a conviction were sufficiently serious so that such defendants should have the same right to be tried before a jury as do defendants who are constitutionally guaranteed a jury trial. *Cf. Manic,* 213 Ariz. at 254, ¶ 12, 141 P.3d at 734 (noting that the legislature "intended in enacting § 28–1381(F) to create a statutory right to a jury trial that parallels the constitutional right to a jury trial"). There is no reason to believe that the legislature intended to bestow upon misdemeanor DUI defendants alone an unconditional right to waive a jury trial when that same right is conditioned in all other cases on the prosecutor's agreement.

¶ 30 In summary, the right to a jury trial is not the right to be tried without a jury. The plain language of Rule 18.1(b),[8] which requires the consent of the prosecutor before the court may grant the request a defendant's request to waive a jury trial, makes no distinction based on the source of the right, and neither should this court. *See State v. Aguilar,* 209 Ariz. 40, 48, ¶ 26, 97 P.3d 865, 873 (2004) ("Although a comment may clarify a rule's ambiguous language, a comment cannot otherwise alter the clear text of a rule."). Therefore, I respectfully dissent.

8. The majority concedes that the plain language of Rule 18.1(b) and § 13–3983 supports the State's position, but claim that enforcing these provisions as written would cause "an anomalous result" because the legislature "declined to grant jury-trial rights to the State in DUI cases[.]" *Supra* at ¶ 20. But the result of applying the plain language of Rule 18.1(b) and § 13–3983 is no more anomalous than the Supreme Court's determination in *Singer* that the Sixth Amendment does not provide a defendant the unfettered right to waive a jury trial. In any event, the anomaly referred to by the majority is one of its own making.