NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, ex rel., SHEILA SULLIVAN POLK,
Yavapai County Attorney, *Petitioner*,

*v.*

THE HONORABLE CELE HANCOCK, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge,*

SAVARIO D. SPICER, *Real Party in Interest.*

No. 1 CA-SA 14-0181
FILED 10-21-2014

Appeal from the Superior Court in Yavapai County
No. P1300CR201300625
The Honorable Cele Hancock, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Petitioner*

C. Kenneth Ray, II, PC, Prescott
By C. Kenneth Ray
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1        The State petitions for special action relief from a trial court order precluding alleged contraband from evidence. Because the State established a chain of custody sufficient to present the evidence to a jury, we accept special action jurisdiction and grant relief.

¶2        Real Party in Interest Savario Spicer is charged with several counts alleging the possession, transportation, and sale of illegal drugs and drug paraphernalia. Before trial, Spicer moved to preclude "all items of alleged contraband" because, he claimed, the State failed to timely disclose "documents purporting to be the Property and Evidence Invoices/Receipts for the evidence the State intends to offer at [t]rial." Furthermore, Spicer argued the late disclosure gave him "insufficient time" to "address the foundational 'chain-of-custody' issues disclosed."

¶3        The trial court reset the trial date and held a hearing to address Spicer's motion. The State presented evidence that the alleged contraband was and likely remained in State custody, including copies of the Yavapai County Sherriff's Office (YCSO) "Property Invoice/Receipts," testimony from the YCSO case agent and testimony from a deputy who took the evidence from the case agent and stored it in a YCSO facility. The trial court then granted Spicer's motion, noting that "[t]he real problem I'm having is we don't have the evidence here. We don't have the end of the chain of custody." The trial court further stated, "I think that [chain of custody] goes to weight, if you have the beginning and the end, but we don't have the end." The State's motion for reconsideration was denied, with the trial court's minute entry stating that "[t]he Court notes that the State still has not provided evidence regarding where the contraband is, or whether or not it has been tampered [with], or whether or not the contraband actually exists."

¶4        This special action followed from the trial court's ruling. We accept jurisdiction because the State has no equally plain, speedy, or adequate appellate remedy. *See* Ariz. R.P. Spec. Actions 1(a); *State ex rel.*

*Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App. 2001). We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Rule of Procedure for Special Action 4(a) and (b).

**¶5**          We grant relief because concerns or problems with the chain of custody go to the weight of evidence and not admissibility. *State v. McCray*, 218 Ariz. 252, 256-57, ¶¶ 8-15, 183 P.3d 503, 507-08 (2008). Authenticating evidence by establishing chain of custody requires showing "continuity of possession," and such a showing "need not disprove 'every remote possibility of tampering.'" *State v. Spears*, 184 Ariz. 277, 287, 908 P.2d 1062, 1072 (1996) (quoting *State v. Hardy*, 112 Ariz. 205, 207, 540 P.2d 677, 679 (1975)). The Arizona Supreme Court in *State v. Ritchey* observed that, in addressing a chain of custody challenge, "notwithstanding the inability of the state to show a continuous chain of custody . . . unless a defendant can offer proof of actual change in evidence, or show that the evidence has, indeed, been tampered with, such evidence will be admissible." 107 Ariz. 552, 557, 490 P.2d 558, 563 (1971).

**¶6**          The trial court correctly noted that chain of custody "goes to [the] weight" of evidence, but it overstated the State's burden for establishing an admissible chain of custody. It was not necessary that every person who "had an opportunity to come in contact with the evidence" testify, and evidence may be admitted when a party offers proof that "strongly suggests the exact whereabouts of the exhibit at all times, and which suggests no possibility of substitution or tampering." *State v. Hurles*, 185 Ariz. 199, 206, 914 P.2d 1291, 1298 (1996) (internal citations and quotations omitted). Moreover, the trial court "does not determine whether the evidence is authentic, but only whether evidence exists from which the jury could reasonably conclude that it is authentic." *State v. Lavers*, 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991).

¶7　　　　Although Spicer attacked the validity of the evidence's chain of custody, he offered no proof of an actual change in evidence, and he likewise did not show that the State had tampered with the evidence. Spicer's response to the special action petition concentrates on the lack of testimony at the evidentiary hearing by a State informant. The informant's testimony is allegedly the link between the contraband and Spicer that the State must establish to prove Spicer committed the charged offenses. However, the lack of pre-trial testimony by this informant cannot carry the same weight as would a lack of trial testimony. As with the location of the contraband, the informant's testimony, or lack thereof, may constitute a problem with the evidence's chain of custody that Spicer can explore for the jury's benefit at trial. But these are questions of the evidence's weight, not admissibility. Regardless whether proof of a change in or tampering is offered pre-trial or during trial, the defendant bears the burden of showing a change in or tampering with evidence. *See Ritchey*, 107 Ariz. at 557, 490 P.2d 563. On this record, Spicer has not met this burden.

¶8　　　　The chain of custody established in the pre-trial hearing is sufficient to authenticate the contraband evidence for presentation to a jury. Accordingly, we accept jurisdiction of this special action, grant relief, lift the stay, and remand for further proceedings consistent with this order.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh