NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEITH EUGENE GRIFFIN, *Appellant.*

No. 1 CA-CR 17-0281
FILED 5-14-2019

Appeal from the Superior Court in Yavapai County
No. V1300CR201580372
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Craig Williams, Attorney at Law, Prescott Valley
By Craig Williams
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

C A T T A N I, Judge:

¶1 Keith Eugene Griffin appeals from his convictions and sentences for two counts of luring a minor for sexual exploitation, four counts of aggravated luring a minor for sexual exploitation, three counts of sexual exploitation of a minor, and one count of attempted sexual conduct with a minor. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Griffin sent sexually explicit direct messages through a social media site to E.K., a friend of his 13-year-old daughter. E.K.'s father discovered the messages on her phone and reported them to the Yavapai County Sheriff's Office. Detective Edgerton from the Sheriff's Office messaged Griffin using E.K.'s identity, and in response, Griffin discussed having sex with E.K. and sent a photograph of his penis.

¶3 Griffin also indicated that he had attempted to have sex with his own daughter, and he sent three photographs that he had taken of her vagina. Griffin arranged to meet E.K. at a local shopping mall to have sex with her, and when Griffin arrived at the mall, he was arrested and subsequently charged with the crimes outlined above.

¶4 After a six-day trial, the jury found Griffin guilty on all counts, and the court sentenced him to three consecutive, flat-time 17-year sentences for the sexual exploitation of a minor offenses, to be followed by lifetime probation for the remaining counts. Griffin timely appealed, and we have jurisdiction under Arizona Revised Statutes § 13-4033(A).

## DISCUSSION

### I.    Disclosure of *Brady* Material.

¶5 Several months after posing as E.K., Detective Edgerton was disciplined for reasons unrelated to this case and was demoted from detective to deputy. Griffin argues that the State's arguably late disclosure of this exculpatory evidence prejudiced him.

**¶6** Under *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963), the State must disclose any evidence that tends to mitigate the defendant's guilt or lessen punishment. *See also* Ariz. R. Crim. P. 15.1(b)(8). To reverse a criminal conviction based on untimely disclosure of *Brady* material, the defendant must show that he was prejudiced by the late disclosure. *State v. Durham*, 111 Ariz. 19, 22 (1974).

**¶7** Here, the State disclosed information about Deputy Edgerton's disciplinary investigation two months before trial. Five weeks later, Griffin requested detailed factual findings from the investigation. The State provided the findings before voir dire on the first day of trial, and Griffin had the night before jury selection to review the material.

**¶8** The State arguably complied with its obligation to disclose *Brady* material by disclosing information about the disciplinary investigation two months before trial, with follow-up information provided shortly before trial. *See State v. Jessen*, 130 Ariz. 1, 4 (1981) (holding that the State satisfies its obligations under *Brady* "[w]hen previously undisclosed exculpatory information is revealed at the trial and is presented to the jury," even if the late disclosure affected the defendant's trial preparation and strategy).

**¶9** But even assuming the State's follow-up disclosure was untimely, Griffin failed to show prejudice. *See Durham*, 111 Ariz. at 22. The exculpatory information was presented to the jury at trial. Griffin's counsel extensively cross-examined Deputy Edgerton on her past discipline and did so without objection from the State. And Griffin did not move for a trial continuance, which suggests that he had adequate time to prepare. Griffin thus has not shown prejudice.

## II. Evidentiary Rulings.

**¶10** After reviewing Deputy Edgerton's disciplinary records, Griffin moved to assert an entrapment defense. The State responded that if Griffin raised the defense, evidence of his predisposition to commit the charged offenses would be admissible, in particular, evidence of his attempted sexual conduct with his daughter. The court reserved ruling on the issue, and Griffin argues that this delayed ruling demonstrates the superior court's mismanagement of the proceedings.

**¶11** But Griffin fails to identify any legal authority for his position or any law governing trial management that the superior court may have violated. And to the extent Griffin generally argues that the superior court violated his right to due process by issuing delayed rulings, Griffin must

show prejudice. *Cf. State v. Dunlap*, 187 Ariz. 441, 450 (App. 1996). Here, the record shows no harm to Griffin.

¶12 The superior court reserved ruling on the issue of admitting evidence of Griffin's predisposition to commit sexual exploitation, and consequently, Griffin decided not to cross-examine his daughter but reserved the right to recall her as a witness. Once the State notified the court that it did not intend to introduce any evidence of predisposition, however, Griffin asked the superior court to release his daughter from her subpoena, indicating he did not intend to recall her. The State ultimately did not introduce any evidence of predisposition, so even if the delay affected Griffin's trial preparation, any harm was ameliorated because there was no predisposition evidence to which he needed to respond. Accordingly, Griffin has failed to show that he was prejudiced by the superior court's delayed ruling.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4